**SANDERS v. SANFORD, Warden.**

No. 10673.

Circuit Court of Appeals, Fifth Circuit.

Oct. 28, 1943.

See, also, 127 F.2d 647.

Hilliard Sanders, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment discharging a writ of habeas corpus and remanding the petitioner to the custody of the Warden.

Appellant was indicted under 12 U.S.C.A. § 588b (a) (b), for the armed robbery of a national bank in Hyattsville, Maryland. His defense to that prosecution was an alibi, the claim being that he was a visitor in the Florida State Prison at Raiford, Florida, at the precise time the robbery was committed. He introduced in evidence the visitors' record kept by the prison, which indicated that he was at the prison at the time of the robbery. Other witnesses identified appellant as being one of the bank robbers. Upon the factual controversy thus presented, the jury returned a verdict of guilty. The judgment was affirmed on appeal,[1] whereupon, appellant entered upon the service of his sentence and instituted this proceeding. It is contended that the sentence was rendered void by reason of the failure of the trial court to give full faith and credit to the visitors' record of the Florida State Prison, in violation of Article 4, Section 1, of the Constitution.

Whether the visitors' record kept by the prison was an official record of the State of Florida within the intendment of the full faith and credit clause of the Constitution, and whether, if it was such a record, it should have been treated as conclusive of the issue as to appellant's whereabouts at the time of the robbery, is very doubtful. Be that as it may, the force and effect of this evidence as proof of the defendant's alibi was a question that should have been fully presented to and considered by the trial court. If the trial court committed error in its ruling thereon, ample opportunity was afforded the appellant to have such error reviewed and corrected on appeal to the Circuit Court of Appeals, or upon certiorari in the Supreme Court. He availed himself of these privileges, in which proceedings it must be presumed that his rights were protected. It is not the function of the extraordinary remedy of habeas corpus to provide a means of additional review in such cases.[2]

Affirmed.

[1] Sanders v. United States, 4 Cir., 127 F.2d 647; Id., 317 U.S. 626, 63 S.Ct. 37, 87 L.Ed. —.

[2] Ex parte Watkins, 3 Pet. 193, 7 L.Ed. 650; In re Bigelow, 113 U.S. 328, 5 S.Ct. 542, 28 L.Ed. 1005; Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147; Morton v. Henderson, 5 Cir., 123 F.2d 48.