## UNITED STATES v. SANDERS.
### Cr. No. 19674.

United States District Court
D. Maryland.
April 4, 1950.

Bernard J. Flynn, United States Attorney, Baltimore, Md., for U. S.

Hilliard Sanders, pro. per.

CHESNUT, District Judge.

In this case the defendant, Hilliard Sanders, was on or about February 5, 1942, sentenced in this court to twenty years imprisonment for bank robbery under 12 U.S.C.A. § 588(b), New Title 18 U.S.C.A. § 2113. On March 21, 1950 there was filed a motion in this case to vacate the judgment under 28 U.S.C.A. § 2255. The United States Attorney has filed an answer opposing the relief prayed for in the petition and reciting the numerous petitions for habeas corpus which heretofore have been filed by the defendant for release from imprisonment under the sentence of this court.

After consideration of the petition and answer I have concluded that the petition must be dismissed.

With the present petition the defendant has also filed a motion for a writ of habeas corpus ad testificandum. This was filed for the purpose of having himself brought to this court from Alcatraz, California, to testify in his own behalf in support of the petition. The petitioner alleges a number of grounds on which he contends that this court was without jurisdiction to enter the judgment. In view of the numerous prior petitions for release on habeas corpus recited by the answer of the United States Attorney it is unnecessary to discuss further the question of the jurisdiction of the court. As to its proper existence in this case I have no doubt.

In paragraph 11 of the petition it is alleged that certain federal police agents "coerced and induced Gordon Van Stauber and Louis Cranford into giving false testimony against the defendant at the trial. Counsel for the prosecution knew this testimony had been elicited through suggestive interrogation". While, as the trial judge in the case, I have no present recollection as to whether the persons named were or were not witnesses in the case and know nothing of the allegation made by the petitioner, I deem this averment insufficient to warrant a reopening of the case after the lapse of more than eight years and the apparently belated statement now made. Nor is it alleged what was the nature of the false testimony or its relevance in the trial of the case.

The defendant Sanders was represented throughout the trial and a motion for a new trial made by experienced counsel who seemed to me to be giving professional attention to the case in no way inconsistent with rights of the defendant individually.

The defendant was definitely identified by a number of witnesses. The defense in the case was an unsuccessful alibi. From my familiarity as trial judge at the trial of the case I consider the present application for a vacation of the sentence to be without merit.

▮ The defendant now alleges unlawful and harmful and excessive disciplinary treatment by the federal officials at Alcatraz. As to this feature of the petition it is sufficient to say that this court does not consider that it has authority to inquire into the matter especially at this great distance from the place of the defendant's confinement.

For these reasons I have denied the defendant's motion to strike out the sentence or any other appropriate relief, and also the motion for a writ of habeas corpus ad testificandum is hereby denied.