## SANDERS v. UNITED STATES.
### No. 6122.

United States Court of Appeals
Fourth Circuit.

Argued July 3, 1950.

Decided July 17, 1950.

Lamar Gudger, Asheville, N. C., for appellant.

Bernard J. Flynn, U. S. Attorney, Baltimore, Md., on the brief, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion made under 28 U.S.C.A. § 2255 to vacate and set aside a judgment and sentence of imprisonment. Appellant and one William Leo Keefe were charged with bank robbery in violation of 12 U.S.C.A. § 588b, now 18 U.S.C.A. § 2113. They pleaded not guilty and were tried before a jury that convicted them both. They were represented by counsel and there was nothing to indicate that there was any inconsistency in their defenses. Neither took the stand on the trial and no evidence was introduced in behalf of Keefe. Appellant introduced evidence in an attempt to establish an alibi but was identified by a number of eyewitnesses as being one of the persons who participated in the robbery, and, in addition, there was strong circumstantial evidence pointing to his guilt. Fol-

lowing his conviction he made a motion for a new trial one of the grounds of which was additional evidence offered in support of his alibi, but this was denied. An appeal was then taken to this court; and it appears from the record therein, which contains the lengthy and careful charge of the trial judge, that appellant had a fair trial and that the evidence in support of his alibi was painstakingly set forth and was fairly submitted to the jury along with the evidence relied upon by the prosecution as identifying him as one of the perpetrators of the crime. We affirmed the judgment of the lower court on that appeal after careful consideration. Sanders v. United States, 4 Cir., 127 F.2d 647, certiorari denied 317 U.S. 626, 63 S.Ct. 37, 87 L.Ed. 506. Referring to the motion for new trial, we said: "The motion for new trial was a matter addressed to the sound discretion of the trial judge. Not only was there no showing of abuse of that discretion, but an examination of the affidavits offered in support of the motion convinces us that it was properly exercised. The sole question in the case was as to the identity of the defendants as the persons who committed the crime. They were identified by a number of witnesses and in addition strong circumstantial testimony connecting them with the crime was offered. Their defense was an alibi, and this was fully and fairly submitted to the jury. The questions are purely questions of fact; and there is no reason to think that the verdict of the jury or the judgment of the trial court should be disturbed."

The contentions on the motion before us are (1) that the appellant did not have the undivided assistance of counsel, (2) that he was convicted on false testimony, and (3) that he has been grossly mistreated by prison authorities since his conviction. The last contention presents no ground for relief under 28 U.S.C.A. § 2255 and the others are entirely without merit, as pointed out in the opinion of the court below. The fact that Keefe admitted his guilt after conviction does not tend to establish any conflict of loyalties on the part of counsel at the trial, particularly as no evidence was offered in Keefe's behalf and it does not appear that he had any interest whatever opposed to the establishment of defendant's alibi. The petition does not allege what was false in testimony offered against appellant or that the United States Attorney had knowledge of any falsity therein, but merely that certain witnesses had been coerced into giving false testimony against appellant, without specifying what the testimony was, and that counsel for the prosecution knew that the testimony of these witnesses "had been elicited through suggestive interrogation". The District Judge would not have been warranted in conducting a hearing to determine whether the judgment should be set aside on any such vague allegations, particularly in a case where the petitioner had been represented on the trial by counsel and the proceedings against him had been reviewed on a motion for new trial and on appeal to this court.

This is but one of many proceedings which appellant has brought either attacking the proceedings in which he was convicted and sentenced or else complaining of the conditions of his imprisonment. See Sanders v. Sanford, Warden, 5 Cir., 138 F.2d 415, certiorari denied 322 U.S. 744, 64 S.Ct. 1142, 88 L.Ed. 1576, rehearing denied 322 U.S. 773, 64 S.Ct. 1283, 88 L.Ed. 1593; Sanders v. Bennett, 80 U.S.App.D.C. 32, 148 F.2d 19; Sanders v. Johnston, 9 Cir., 165 F.2d 736, certiorari denied 334 U.S. 829, 68 S.Ct. 1328, 92 L.Ed. 1757, rehearing denied 335 U.S. 838, 69 S.Ct. 7, 93 L.Ed. 390; Sanders v. Johnston, 9 Cir., 159 F.2d 74; Sanders v. Swope, 9 Cir., 176 F.2d 311. Counsel appointed to represent appellant here has presented his case with zeal and fidelity and has said everything in his behalf that could be said; but nothing is presented which would justify a court in inquiring again into the regularity of proceedings which were before us eight years ago and which were carefully considered at that time.

Affirmed.