**UNITED STATES of America**

v.

**Hilliard SANDERS.**

Crim. No. 19674.

United States District Court
D. Maryland Criminal
Division.

May 19, 1955.

George Cochran Doub, U. S. Atty., and William F. Mosner, Asst. U. S. Atty., Baltimore, Md., for the United States.

Eli Baer, Baltimore, Md., for petitioner.

THOMSEN, Chief Judge.

Hilliard Sanders, convicted of bank robbery by a jury in this court and sentenced by Judge Chesnut in 1942 to twenty years imprisonment, has made application for relief under 28 U.S.C.A. §§ 1651 and 2255. A similar motion was heard and denied by Judge Chesnut in 1950, D.C., 92 F.Supp. 447, affirmed Sanders v. United States, 4 Cir., 183 F.2d 748. Judge Chesnut had previously denied release under a writ of habeas corpus in 1944, Sanders v. Brady, D. C., 57 F.Supp. 87, and other courts have considered various proceedings brought by Sanders either attacking the proceedings in which he was convicted or complaining of the conditions of his imprisonment. See Sanders v. Sanford, 5 Cir., 138 F.2d 415, certiorari denied 322 U.S. 744, 64 S.Ct. 1142, 88 L.Ed. 1576, rehearing denied 322 U.S. 773, 64 S.Ct. 1283, 88 L.Ed. 1593; Sanders v. Bennett, 80 U.S.App.D.C. 32, 148 F.2d 19; Sanders v. Johnston, 9 Cir., 165

F.2d 736; certiorari denied 334 U.S. 829, 68 S.Ct. 1328, 92 L.Ed. 1757, rehearing denied 335 U.S. 838, 69 S.Ct. 7, 93 L.Ed. 390; Sanders v. Johnston, 9 Cir., 159 F.2d 74; Sanders v. Swope, 9 Cir., 176 F.2d 311.

In its opinion affirming the conviction, Sanders v. United States, 127 F.2d 647, certiorari denied 317 U.S. 626, 63 S.Ct. 37, 87 L.Ed. 506, the Fourth Circuit said:

> "The motion for new trial was a matter addressed to the sound discretion of the trial judge. Not only was there no showing of abuse of that discretion, but an examination of the affidavits offered in support of the motion convinces us that it was properly exercised. The sole question in the case was as to the identity of the defendants as the persons who committed the crime. They were identified by a number of witnesses and in addition strong circumstantial testimony connecting them with the crime was offered. Their defense was an alibi, and this was fully and fairly submitted to the jury. The questions are purely questions of fact; and there is no reason to think that the verdict of the jury or the judgment of the trial court should be disturbed."

On the appeal in 1950 from the denial of relief under section 2255, the Fourth Circuit considered Sanders' contentions (1) that he did not have the undivided assistance of counsel, and (2) that he was convicted on false testimony. The court said [183 F.2d 749]:

> " * * * The fact that Keefe admitted his guilt after conviction does not tend to establish any conflict of loyalties on the part of counsel at the trial, particularly as no evidence was offered in Keefe's behalf and it does not appear that he had any interest whatever opposed to the establishment of defendant's alibi. The petition does not allege what was false in testimony offered against appellant or that the United States Attorney had knowledge of any falsity therein, but merely that certain witnesses had been coerced into giving false testimony against appellant, without specifying what the testimony was, and that counsel for the prosecution knew that the testimony of these witnesses 'had been elicited through suggestive interrogation'. The District Judge would not have been warranted in conducting a hearing to determine whether the judgment should be set aside on any such vague allegations, particularly in a case where the petitioner had been represented on the trial by counsel and the proceedings against him had been reviewed on a motion for new trial and on appeal to this court."

The present application for relief is based upon substantially the same grounds as the 1950 application, but alleges the facts in greater detail, and claims that Sanders is entitled a hearing at which he is present in person.

Section 2255 provides, *inter alia*:

> " * * * Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

> "A court may entertain and determine such motion without requir-

ing the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. * * * "

In view of the serious charges made by the defendant, and the fact that there had been many previous hearings in various courts, I appointed counsel to represent defendant on this application and requested him and the United States Attorney to present me with facts and argument on the question whether the present application presents any points not previously considered, so that I can determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief", or whether I should grant a hearing.

Defendant's counsel has reviewed the files and records, corresponded with defendant, submitted to him the memorandum prepared by the United States Attorney, and submitted to me defendant's own 31 page answer to that memorandum, together with other material sent to him by defendant. Counsel has earned the gratitude.of the defendant, the court and the public. Both sides have presented their arguments and memoranda in open court.

■ After carefully reviewing this material, I conclude that this is "a second or successive motion for similar relief" within the meaning of Section 2255. The points are essentially the same as those on the previous application, and all of them could and should have been raised at that time.

■ The only new contention seems to be that at the original trial the government suppressed information concerning the participation of Jack Ray, Charles Wilcox and Gordon Blalock in the robbery, and that these men were subsequently arrested and pleaded guilty. The argument is based upon the assumption that only three men were implicated; but this assumption is unfounded, since the three men named pleaded guilty, and Keefe, who was convicted with Sanders, later confessed; and accessories are equally guilty with principals, and the fact, if true, that only three men were seen in or at the bank does not mean that only three men were guilty of the crime. Since it does not appear in the record, I am disregarding the fact that the government denies that it knew that Ray, Wilcox and Blalock were implicated at the time of Sanders' trial, and therefore did not suppress any information.

■ Defendant's principal contention seems to be that under United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 274, 96 L.Ed. 232, he is entitled to a hearing at which he is present in person. Judge Chesnut considered a similar point in 1950 when he denied defendant's petition for a writ of habeas corpus ad testificandum in connection with the first application under section 2255. In the Hayman case, Chief Justice Vinson, speaking for the Court said:

"The existence of power to produce the prisoner does not, of course, mean that he should be automatically produced in every Section 2255 proceeding. This is in accord with procedure in habeas corpus actions. Unlike the criminal trial where the guilt of the defendant is in issue and his presence is required by the Sixth Amendment, a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction. Whether the prisoner should be produced depends upon the issues raised by the particular case. Where, as here, there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing."

The present application raises no substantial issue of fact as to events in which defendant participated, which would require his presence at a hearing. Even if the point about the alleged suppression of testimony had any merit,

defendant has no personal knowledge of the matter to which he could testify.

But for the reasons set out above, I conclude that no hearing should be had, since (1) "The motion and other files and records of the case conclusively show that the prisoner is entitled to no relief", and (2) the court is "not required to entertain a second or successive motion for similar relief on behalf of the same prisoner".

The application for relief is hereby denied.