**UNITED STATES of America**
v.
**Hilliard SANDERS.**

No. 19674 (1941–42).

United States District Court
D. Maryland, Criminal Division.
July 5, 1956.

CHESNUT, District Judge.

In the above case Hilliard Sanders has now filed a *third* petition under 28 U.S.C. A. § 2255, for vacation of the sentence of imprisonment of twenty years imposed upon him in this court on February 5, 1942 after conviction by a jury of the offense of armed robbery of a bank messenger.

The nature and legal history of the cases have been so fully set out in prior opinions of this court and of the United States Court of Appeals for the Fourth Circuit in cases involving the defendant in this Circuit, that it will be sufficient to give a short reference thereto by citations of the reported opinions of the Court of Appeals and of this court.

After overruling the motion for a new trial and imposing sentence on February 5, 1942, the defendant, who was represented by experienced counsel of his own selection throughout the trial of his case in this court and later in the United States Court of Appeals, filed a notice of appeal. On April 22, 1942 the judgment of this court was affirmed in a per curiam opinion reported in 4 Cir., 127 F.2d 647. Thereafter a petition for certiorari was filed and denied by the Supreme Court of the United States on October 12, 1942, 317 U.S. 626, 63 S.Ct. 37, 87 L.Ed. 506.

On March 31, 1950 the defendant filed a motion for vacation of sentence under 28 U.S.C.A. § 2255. The motion was denied by this court on April 4, 1950, 92 F.Supp. 447. An appeal was taken to the Court of Appeals and the order of this court was affirmed July 17, 1950, reported in 4 Cir., 183 F.2d 748.

On January 31, 1955 the defendant filed his second petition for vacation of sentence. This was considered by Judge Thomsen and denied by him in a written opinion on May 19, 1955, 138 F.Supp. 192. A further petition for rehearing before Judge Thomsen was filed and overruled September 23, 1955. Another appeal was taken to the Court of Appeals where Judge Thomsen's order was affirmed on January 11, 1956, 230 F.2d 127. The opinions of this court and of the Court of Appeals will disclose the nature and subject matter of this second petition under section 2255.

The third petition under section 2255 has now been filed in this court on June 25, 1956. The reason now presented by the defendant for vacation by this court of its sentence imposed on February 5, 1942 is stated in the defendant's present petition as follows:

"That his conviction and the court's judgment entered thereon is illegal and void in that he was deprived of the right to properly prepare and effectively prosecute an appeal from his illegal conviction in the United States Court of Appeals, Fourth Circuit, Sanders v. United States, 127 F.2d 647 in that the court's, trial and appellate, refused to furnish his lawyer a transcript of his trial with which to prepare a bill of exceptions and otherwise perfect his appeal for presentment to

the Court of Appeals within the meaning of the 5th Amendment to the Federal Constitution as enunciated by the recent ruling of the Supreme Court of the United States in the case of Griffin v. [People of State of] Illinois, 351 U.S. 12, 76 S.Ct. 585".

The relief prayed for in the present petition is—

"That a hearing be held to develope the issues of law and fact outlined hereinabove (2) that the defendant be present at the hearing to testify in support of his application and to represent himself at the hearing (3) that upon final determination a new trial be ordered, or in lieu of same an order issued directing his release from illegal detention."[1]

Section 2255 provides that the sentence may be vacated if it (1) was rendered without jurisdiction; (2) that the sentence was not authorized by law or otherwise open to collateral attack and (3) that there has been such denial of infringement of the constitutional rights of the prisoner as to render the decision vulnerable to collateral attack. The section also provides that the court may entertain such motion without requiring the production of the prisoner at the hearing and "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner". The section also provides for an appeal.

As I am of the opinion that the files and records of the case conclusively show that the prisoner is entitled to no relief, I conclude that this present third petition must be denied and I find no reason to justify the production of the prisoner for a further hearing in this court. I understand the defendant as at present confined in the United States Prison at Alcatraz, California. I will briefly state the reasons for my opinion.

The point stated in this present third petition of the defendant is that this court and the Court of Appeals *refused* to furnish his lawyer a transcript of his trial with which to prepare a bill of exceptions, and otherwise perfect his appeal for presentment to the Court of Appeals. The contention is that he was thereby deprived of due process within the meaning of the 5th Amendment similar to the holding of the Supreme Court in Griffin v. People of State of Illinois, supra, relating to the 14th Amendment.

■■ In my opinion the point decided for the majority of the court is not applicable to the present case for several reasons. In the first place, the case related directly to the question of due process or equal protection of the laws arising on the criminal statutory law of the State of Illinois. In the present case here the criminal procedure was controlled at the time of the trial and conviction and sentence of the defendant by federal statutes relating to appellate criminal procedure. Again, the Griffin case was presented to the Supreme Court on certiorari to the Supreme Court of Illinois. The present case is a petition to this court under 28 U.S.C.A. § 2255. In the Griffin case the judgment of the Supreme Court of Illinois was vacated and remanded for further action by that court. In the instant case the judgment of this court now sought to be vacated was affirmed on appeal by the United States Court of Appeals for this Circuit. I do not understand that in view of the affirmance of the judgment and sentence of this court by the Court of Appeals that a petition under section 2255 would authorize this court to vacate the sentence imposed by it unless, as previously noted, there was lack of jurisdiction in this court or the sentence was not authorized by law or otherwise open to collateral attack, or there was a denial *by this court* of the constitutional rights of the prisoner. No facts are stated in the present

---

1. The application to the court states that it is made "pursuant to §§ 1651 and 2255 of title 18 USC." This apparently is a mistaken reference to title 28 USC, § 2255, as sections 1651 and 2255 of title 18 are not really in point here and the reference is doubtless intended to be to 28 USC, § 2255.

petition to show that the action of this court in the trial of the case and the sentence imposed was open to vacation for any of the reasons stated in section 2255. And of course this court cannot properly vacate a sentence imposed here and affirmed by the Court of Appeals for any alleged or suggested error of the Court of Appeals. It seems obvious therefore that if the defendant's present reason for vacation of the sentence is based on some action of the Court of Appeals or has reference to entertaining and deciding his appeal, his application, if any, in that respect must be made to the Court of Appeals and not to this trial court.

■ Furthermore the records of this court clearly show that there was no failure of due process or irregularity or deficiency in the action of this court with respect to the trial or to the appeal. The defendant's present motion states baldly that both this court and the Court of Appeals "refused to furnish his lawyer with a transcript of his trial with which to prepare a bill of exceptions". The defendant was represented throughout the trial in this court and in the matter of his appeal in the Court of Appeals by an experienced lawyer of his own selection, Mr. James J. Laughlin. Defendant's petition does not state when or where or how or at what time the Judge of this court refused to furnish his lawyer with a transcript of his trial. His bald statement is not supported in any formal or even informal statement from his lawyer whom the court understands to be still in active practice in the District of Columbia. But more importantly the records of this court indicate that there was no such *refusal.* I have personally examined all the docket entries kept by the clerk with regard to the trial and appeal in this case, now more than fourteen years ago, and they contain no entry of any petition or request, either formal in writing, or informal, for a copy of a transcript of the record by the defendant personally or by his lawyer. Furthermore I, as the trial judge in the case, have no recollection that any such request was ever made to me for such a transcript. And I note from the opinion of the Court of Appeals affirming the judgment of this court, 127 F.2d 647, that no bill of exceptions had been submitted to the Court of Appeals but that on all the issues that were submitted, the court found no error in the case or injustice in the conviction.

The defendant's present contention is doubtless based on a misunderstanding or ignorance of the federal appellate criminal procedure existing in 1942, which differs materially from the present appellate practice under the new rules of criminal procedure of 1946. Under the present rules bills of exceptions are no longer in general use in criminal appeals. See Fed.Rules Crim.Procedure, Rule 39, Notes of Advisory Committee to subdivision (b)—Record on Appeal. 18 U.S. C.A., Fed.Rules Crim.Proc. Rule 39, page 414. The present criminal practice in lieu of bills of exceptions, is to transmit the whole transcript of the trial to the Court of Appeals. Whether the transcript is required to be printed for the use of the Court of Appeals depends upon its rules. Furthermore, the rules of the appellate court determine what part, if any, of the record shall be printed and what the briefs of the parties must contain.

But we are here concerned only with the federal criminal appellate practice as it existed in 1942. The requirement then was, and indeed for many decades theretofore had been, that alleged errors in the trial (apart from the matter appearing on the record proper) must be presented to the Court of Appeals for review on a bill of exceptions stating only in such detail as might be necessary how the ruling arose and what was the action of the court excepted to in the several instances alleged to be erroneous. This prior practice did not require a stenographic transcript of the whole trial but the bill of exceptions was frequently presented in narrative form containing only those particular trial wrongs which were assigned as error for consideration by the Court of Appeals. It was

not necessary to have a whole stenographic report of all that was said and done at the trial and indeed to minimize costs very frequently only very limited portions of the testimony were inserted in the bills of exceptions.

It was, of course, the duty of the appellant or his attorney to prepare the bills of exceptions. When prepared, if agreed to by counsel for the appellee, they were customarily presented to the Judge for his signature and approval. And if the parties were in disagreement as to the proper contents of the bills of exceptions, it was the duty of the Judge to "settle" the bills of exceptions by ordering such changes therein as might be necessary in the drafts submitted to him. There was, however, so far as I know, never any duty or requirement that the Judge should himself initiate or personally prepare a bill of exceptions. On the contrary, this was the definite duty of the appellant or his attorney.

■ Another rule of procedure customarily in force in the earlier years in federal practice was that the bills of exceptions must be signed before the expiration of the then current term of court; but the Judge on proper application before the expiration of the term, could pass an order extending the time for signing the bills of exceptions; and this was in practice frequently done. The point to be steadily borne in mind is that there was no requirement or necessity, in order to perfect an appeal, on any and all errors of the trial court, to have a stenographic report of the whole of the trial.

Furthermore, it is important to remember that in 1942 there was no federal statute requiring official court reporters. The Act was first passed by Congress in 1944, 58 Stat. 5, now codified in 28 U.S.C.A. § 753, and the clerk's files in this case indicate that the only stenographic transcript of any part of the trial of the case that was transcribed included only the examination of jurors on their voir dire when the jury was impanelled on January 5, 1942, and the charge of the court to the jury on January 8, 1942. This transcript was stenographically taken and prepared by Lafayette P. Temple, Inc., a qualified short-hand reporting company, presumably employed and paid for per diem only by the United States Government. The Temple Company also transcribed some or all of the proceedings relating to the defendant's motion for a new trial. And it appears that this transcript was in fact presented to the Court of Appeals.

The files of the court do not indicate that other than the limited portions referred to were ever transcribed.

A review of the clerk's file of numerous papers also discloses the following. The defendant's motion for a new trial was overruled and the defendant sentenced on February 5, 1942. On the same day the defendant filed with the clerk a notice of appeal and at the same time he filed an affidavit for prosecution of appeal in forma pauperis which was subscribed and sworn to by him before a notary public on the *13th day of January*, 1942. This paper contained at the end a typewritten form of proposed order to allow the appeal in forma pauperis but such order was apparently in fact not signed.[2] However that seems to be unimportant because on February 16, 1942 Senior Cir-

---

2. The motion for leave to appeal in forma pauperis was apparently filed in open court by counsel for the appellant immediately after the sentence was imposed. I note in the brief of the United States Attorney to the Court of Appeals, on page 9, the Honorable Bernard J. Flynn, then United States Attorney, said: "A notice of appeal was filed immediately and Judge Chesnut denied the appellant's motion to proceed in forma pauperis. Judge Chesnut made an announcement at the time that he would be available in Chambers that afternoon, February 5, 1942, after 4 o'clock for the purpose of directing preparation of the record and settlement of the bill of exceptions." After fourteen years I assume that Mr. Flynn's statement, made shortly after the trial, is correct. And it is inferable that I was not prepared at the time to grant the appeal in forma pauperis until the court had some assurance that the appeal would be promptly prosecuted.

cuit Judge Parker of the Fourth Circuit, passed an order permitting prosecution of the appeal in forma pauperis.

On March 16, 1942 counsel for the defendant filed with the clerk an assignment of errors and a designation of papers to be included in the record for appeal, the only one of which that is here noteworthy is item No. 10, which reads: "Minute entry of refusal to grant extension to settle bill of exceptions."

The docket entries in the case do not show that the appellant's counsel presented any petition to the trial judge to grant an extension of time to settle the bill of exceptions; nor do they show any refusal by the trial judge to grant an extension. And as trial judge I have no recollection that any such request was made to me by counsel. It will be noted that the paper just referred to was filed after the expiration of the term of court at which the sentence was imposed (February 5, 1942) as the new March Term of court began on the 1st Tuesday in March, 1942. As previously indicated, a petition to extend the time for filing bill of exceptions should have been presented, if at all, to the trial judge before the expiration of the current term of court. However, the matter is not seemingly important because it does appear in the clerk's file that the Court of Appeals by Judge Parker on the 5th of March 1942 (presumably before the expiration of the term) passed an order on the appellant's motion providing:

> " * * * that the time within which to settle the bill of exceptions and docket the appeal in the above entitled cause be and the same is hereby extended to the 1st day of April, 1942."

And on the latter date, April 1, 1942, a further order was passed by Judge Parker for the Court of Appeals that—

> "the appellants have until April 10th within which to prepare and file bill of exceptions and complete their

appeal and within which to serve brief upon the United States Attorney. It is further ordered that the case be heard on Tuesday, April 21st, and that if the bill of exceptions be not completed and filed and briefs served by April 10th, the appeal stand dismissed."

On April 9, 1942 James J. Laughlin, attorney for the defendant, filed an affidavit in this court stating in effect that the defendants had been unable to obtain a stenographic transcript of the proceedings of the criminal trial and "therefore without such transcript they have been unable to prepare an adequate bill of exceptions and due to the poverty of the defendants they will in their appeal have to rely upon the instructions to the jury and the proceedings after verdict. Affiant further says that the Assistant United States Attorney had informed the trial judge that he was without a transcript although the case was reported." And on the same day, April 9, 1942, Mr. Laughlin filed with the clerk a supplemental designation of record reading "The Clerk will please include in the record the following: (1) The charge to the jury and (2) Affidavit of James J. Laughlin dated April 9, 1942."

In a separate letter in the nature of a brief accompanying the petition the defendant refers to a paragraph in the brief of the United States Attorney noting that the record "does not contain a transcript of the testimony nor bill of exceptions and the brief on behalf of appellant Sanders contains no statement of facts. * * * * ". I note that the same brief also states that the reason for the failure of the record to contain a bill of exceptions was due to the fact that counsel for the appellant did not file with the clerk or at any time submit to the Judge a bill of exceptions.[3]

One more historical fact with regard to federal appellate procedure in criminal cases must be remembered. It was not until the Act of Congress providing for

3. The defendant's motion for vacation of the sentence was addressed to the court and not to an individual Judge of the court. A separate letter in the nature of a brief was addressed to Judge Thomsen, now Chief Judge of this Court, who has requested me as the trial judge fa-

official court reporters that there was statutory authority to a district judge to order a transcript of the testimony of trials in criminal cases to be furnished to the defendant at the expense of the Government for purposes of appeal. See Act of Jan. 20, 1944, c. 3, § 1(c), 58 Stat. 5, now codified 28 U.S.C.A. § 753(f).

The defendant's present petition for vacation of the sentence is based on the bald statement "that the Court's, trial and appellate, refused to furnish his lawyer a transcript of his trial with which to prepare a bill of exceptions." From the above review of the case I find:

1. That there was no transcript of the testimony in this case because at the time, 1942, there was no official court reporter. A privately engaged short-hand reporter who was present at the trial and reported the proceedings transcribed only a minor part of the proceedings and the court's charge to the jury.

2. No request was made to the court by counsel for the defendant to order the transcript of testimony to be made.

3. If such request had been made there was at that time no statutory authority to authorize the court to require a transcript to be made at the expense of the Government.

4. At that time (1942) the required appellate procedure for review of trial errors was by bill of exceptions prepared by counsel for the appellant and submitted to and approved by the trial judge. A transcript of the trial was not necessary for the preparation of a bill of exceptions which could have been in narrative form specifying each trial error to be relied upon on the appeal.

5. Counsel for the appellant at no time submitted to the trial judge any paper purporting to be a bill of exceptions for his approval; nor was any such paper ever filed with the clerk of the court or with the Court of Appeals. In the designation of record filed with the clerk March 16, 1942, counsel for the appellant designated 14 separate items to be contained in the record. No. 13 read: "Bill of exceptions (to be furnished later)." In a supplemental designation of the record filed April 9, 1942, counsel for the appellant added two more items— "(1) The charge to the jury and (2) Affidavit of James J. Laughlin dated April 9, 1942". In the affidavit referred to (previously mentioned herein) counsel stated that as they had been unable to obtain a stenographic transcript of the proceedings at the trial and were therefore unable to prepare an adequate bill of exceptions due to the poverty of the defendants "they will in their appeal have to rely upon the instructions to the jury and proceedings after verdict."

6. The appeal was entered in this court on February 5, 1942. The Court of Appeals first exercised jurisdiction on the appeal on February 16, 1942 by entering an order permitting the defendant to appeal in forma pauperis. On March 5, 1942 the Court of Appeals again exercised jurisdiction in the appeal by an or-

miliar with the facts, to act on the petition.

Page 9 of the brief of the United States Attorney in the defendant's case in the Court of Appeals contains the following statement:

"A notice of appeal was filed immediately and Judge Chesnut denied the Appellant's motion to proceed in forma pauperis. Judge Chesnut made an announcement at the time that he would be available in his chambers that afternoon, February 5, 1942, after four o'clock for the purpose of directing the preparation of the record and the settlement of the bill of exceptions. Counsel for Appellants did not appear at that time nor at any time thereafter for any purpose in connection with the prosecution of the appeal in this case. The assignment of errors was not submitted to him nor was the record prepared under his instructions.

On March 9, 1942, a paper purporting to be a copy of a bill of exceptions was forwarded to the United States Attorney's Office signed by James J. Laughlin and John J. Henderson. Counsel were immediately notified by letter by the United States Attorney's Office that the proposed bill of exceptions was insufficient. No proposed bill of exceptions was ever filed with the Clerk of the United States District Court for the District of Maryland nor was any proposal ever made by counsel for Appellants for the purpose of narrating the testimony and making it available to this Court."

der extending the time for settling the bill of exceptions until April 1, 1942, and setting the case for hearing at its April Term. On April 1, 1942 the Court of Appeals again ordered "That the appellants have until April 10th within which to prepare and file bill of exceptions and complete their appeal and within which to serve brief upon the United States Attorney. It is further ordered that the case be heard on Tuesday, April 21st and that if the bill of exceptions be not completed and filed and briefs served by April 10th the appeal stand dismissed."

7. Despite the failure of the appellant to file the bill of exceptions either in this court or in the Court of Appeals, it will appear from the opinion of the Court of Appeals that nevertheless the defendant's appeal was not dismissed but was considered by the Court of Appeals on all the matters brought to its attention by counsel for the appellant. In its opinion affirming the judgment of this court, the Court of Appeals in a per curiam opinion, 127 F.2d 647, said:

"Counsel admitted at the bar of this court that there was no error in the admission or rejection of testimony, and the criticism made of the court's charge is entirely without foundation."

The sole present contention of the defendant for vacation of the sentence of this court in 1942 is based on his conclusion that the opinion of the Supreme Court in Griffin v. People of State of Illinois, supra, controls the present case. He apparently also assumes that the principal basis of decision in the Griffin case was put on the due process clause of the 14th Amendment, and that the due process clause of the 5th Amendment is therefore equally applicable here. As I read the opinion in the Griffin case, 351 U.S. 12, 76 S.Ct. 585, possibly more emphasis seems to be placed on the equal protection clause of the 14th Amendment than on the due process clause. If so, it must be noted of course that the 5th Amendment does not contain the equal protection clause of the 14th Amendment. Cf. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884. But however that

may be, I do not find anything in the instant case to even faintly show any failure on the part of this court to observe due process under the federal constitutional and statutory law with respect to the trial and sentence of the defendant in this case in 1942, including any duties of the court with respect to the defendant's preparing or perfecting the record on appeal.

The defendant's broad legal position is that currently running sentences in federal criminal cases should be vacated under 28 U.S.C.A. § 2255 where the defendant in taking an appeal has been unable by virtue of economic conditions to obtain on request a transcript of the testimony at his trial to enable him or his counsel to prepare a bill of exceptions or otherwise perfect his appeal on the whole merits of the case. But I do not reach this conclusion on reading the opinion in the case. As applied to the instant case the Griffin case is distinguishable both on the law and on the facts. The case related specifically to appellate criminal procedure of the State of Illinois; while here we are dealing with the statutory criminal appellate procedure applicable to federal criminal cases in 1942. The statutory law of the two jurisdictions is different. Furthermore there are factual differences in the two cases. In the Griffin case it appears, or is certainly inferable, that there was in existence or could have been made available for the appeal a transcript of the trial proceedings. In the instant case there was no such transcript available to either party as none had been made, and there was no statutory requirement at that time that one should be made. In remanding the Griffin case to the Supreme Court of Illinois the Supreme Court of the United States was careful to state that they were not deciding that under any and all circumstances the State of Illinois was obliged to incur the expense of providing the appellant with a full transcript of the trial, but only that the Illinois Court was required to take such action in lieu thereof as would be necessary to enable the appellant to have a full appellate review of his case. In the present instance it ap-

pears from the opinion of the Court of Appeals for the Fourth Circuit in this case that in affirming the judgment the court evidently was ruling on the merits of the case as a whole as presented to them by counsel for the appellant. As I read the opinion of the court, the decision was in effect and in substance a full review of the case. I do not know whether in the application for a writ of certiorari the petitioner in the Supreme Court made any contention to the contrary; but I do note that the petition for certiorari was denied. It is a part of the defendant's legal contention that the principle of the Griffin case applies retroactively to prior sentences in criminal cases. I do not find express support for this view in the opinion of Mr. Justice Black for the majority of the court. And in this connection I have read with interest what Mr. Justice Frankfurter had to say in his concurring opinion.

My conclusion on the whole matter is that this court would not be warranted in vacating the sentence.

It is therefore this 5th day of July, 1956, Ordered by the United States District Court for the District of Maryland that this third petition of Hilliard Sanders, under 28 U.S.C.A. § 2255, be and same is hereby *denied*. The Clerk is instructed to send a copy of this opinion to the petitioner.