H. Alton SANDERS

v.

UNITED STATES of America.

Civ. No. 73–21.

United States District Court,
D. Maryland.

April 24, 1973.

———◆———

MEMORANDUM AND ORDER

THOMSEN, District Judge.

Petitioner, who now uses the name H. Alton Sanders and was formerly known as Hilliard Sanders, was found guilty of armed robbery by a jury in this court in 1942, and was sentenced to twenty years imprisonment by Judge Chesnut. His conviction was affirmed. Sanders v. United States, 127 F.2d 647 (4 Cir. 1942), cert. den. 317 U.S. 626, 63 S.Ct. 37, 87 L.Ed. 506 (1942).

Thereafter, he filed a number of post-conviction motions; relief was denied on all of them, by Judge Chesnut or by me, and in some cases by the Fourth Circuit on appeal. See Sanders v. Brady, 57 F.Supp. 87 (D.Md.1944); United States v. Sanders, 92 F.Supp. 447 (D.Md.1950), aff'd Sanders v. United States, 183 F.2d 748 (4 Cir. 1950); United States v. Sanders, 138 F.Supp. 192 (D.Md.1955), aff'd Sanders v. United States, 230 F.2d 127 (4 Cir. 1956); United States v. Sanders, 142 F.Supp. 638 (D.Md.1956); United States v. Sanders, Criminal No. 19674 (Dec. 29, 1958) (unpublished opinion).[1]

In his present motion under 28 U.S. C. § 2255 Sanders raises two points:

1. "F.B.I. agents coerced witnesses to falsely identify me."

With respect to this point it is sufficient to note that it has twice before been raised and denied. See 138 F.Supp. 192, aff'd 230 F.2d 127, and unreported opinion of Dec. 29, 1958.

2. "Women were statutorily excluded from jury system under which I was indicted and convicted." He cites Maryland Code (1939), Art. 5, sec. 6, and Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972).

In 1942, at the time of the conviction in question, the qualifications for jurors in federal courts depended upon the law of the state in which the district court was situated. 28 U.S.C. § 411. At that time, under the laws of the several states, women were qualified to serve as jurors in 27 states and the District of Columbia, and were disqualified in 21 states, including Maryland. In 15 states and the District of Columbia, where they were eligible for service by local law, they might claim exemption.

In 1941 the Judicial Conference of the United States had appointed a commit-

---

1. Sanders has long since been released from custody as a result of the 1942 conviction.

tee of district judges, headed by Judge Knox of the Southern District of New York, to serve as a "Committee on Selection of Jurors". That Committee filed a report dated September 1942, covering the entire field of selection and service of jurors, and recommending the amendment of various federal statutes. Among the recommendations was that 28 U.S.C. § 411 be amended to prescribe uniform qualifications for jurors in federal courts, and to give women everywhere in the United States rights and responsibilities for federal jury service equal with those of men. This recommendation, among others, was adopted by the Judicial Conference in 1943, but it was not adopted by Congress until 1957. Pub.L. 85–315, Part V, § 152, 71 Stat. 638, now codified as 28 U.S.C. § 1861. Many of the other recommendations had previously been adopted by Congress. Act of June 25, 1948, c. 646, 62 Stat. 951 et seq.

Meanwhile, in 1947, Maryland had adopted a statute providing: "Hereafter no person shall be disqualified for service as a juror in this State by reason of sex, but the provisions of law relating to the qualifications of jurors and exemption from jury duty shall in all cases apply to women as well as men, and the lists from which jurors are drawn shall include the names of men and women.' The provisions of this Section shall not apply to Allegany, Calvert, Carroll, Charles, Garrett, Queen Anne's, Talbot, Worcester, Howard, St. Mary's, Kent and Washington Counties." [2] Immediately thereafter women began to serve as jurors in this district.

In 1946, in Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, the Court had dealt with a conviction in the Southern District of California, where defendants had moved to quash the indictment and had challenged the array of petit jurors on the ground that women, who were then eligible for jury duty in California, had been "intentionally and systematically" excluded from the panel. The Supreme Court sustained this contention, basing the decision on its power of supervision over the administration of justice in the federal courts. Ballard has not been applied to set aside convictions in districts where the courts were following the state statutes, as required by 28 U.S.C. § 411.

There was no majority opinion in Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972), relied on by Sanders. Mr. Justice Marshall announced the judgment of the Court and filed an opinion, concurred in by Mr. Justice Douglas and Mr. Justice Stewart, in which, during his discussion of standing, he included, as footnote 12, the following passage from Ballard:

> "The truth is that the two sexes are not fungible; a community made up exclusively of one is different from a community composed of both; the subtle interplay of influence one on the other is among the imponderables. To insulate the courtroom from either may not in a given case make an iota of difference. Yet a flavor, a distinct quality is lost if either sex is excluded." 407 U.S. at 504, 92 S.Ct. at 2169.

In the body of the opinion he said: "For whatever may be the law with regard to other exclusions from jury service, it is clear beyond all doubt that the exclusion of Negroes cannot pass constitutional muster." 407 U.S. at 505, 92 S.Ct. at 2170.

This court does not read the decision and opinions in Peters v. Kiff as raising the decision in Ballard to constitutional proportions. Even if it did, the reasons for not giving it retroactive force are stronger than the reasons for doing so. Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731,

2. Acts of 1947, ch. 595, Anno.Code (1939), Art. 51, § 6A, now Anno.Code (1957, 1972 Repl. Vol.), Art. 51, § 6.

14 L.Ed.2d 601 (1965); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Cf. Kemplen v. Maryland, 428 F.2d 169 (4 Cir. 1970); Woodall v. Pettibone, 465 F.2d 49 (4 Cir. 1972).

These conclusions make it unnecessary to consider whether Sanders waived his right to challenge the composition of the grand jury or the petit jury by not taking timely action before the jury was sworn. See Scales v. United States, 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1967); Shotwell Manufacturing Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963); Davis v. United States, —— U.S. ——, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), 41 U.S.L. W. 4478 (Apr. 17, 1973); United States v. Quarles, 387 F.2d 551 (4 Cir. 1967), cert. den. 391 U.S. 922, 88 S.Ct. 1815, 20 L.Ed.2d 659 (1967).

The motion under § 2255 filed by Sanders is hereby denied.