**Russell Floyd LONG, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES of America, etc., et al., Respondents.**

**No. CV 75–844–PHX–AAH.**

United States District Court, D. Arizona.

Dec. 22, 1975.

Preliminary Statement On Denial of Bail Pending Appeal Feb. 21, 1975.

Russell F. Long, in pro. per.

William C. Smitherman, U. S. Atty., for respondents.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

The within petition for writ of habeas corpus and for relief pursuant to 28 U.S.C. §§ 1391, 1404, 1651 and 1654, was filed as follows:

"TO THE HONORABLE WILLIAM B. BRYANT, DISTRICT JUDGE, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA WASHINGTON, D. C.

PETITION FOR WRIT OF HABEAS CORPUS AND SUBJICIENDUM"

along with a letter to the Clerk of said United States District Court for the District of Columbia. Both, on or about November 26, 1975, were given the District of Columbia No. 75–1997 and were then transferred forthwith by the Chief Judge of that District to the District of Arizona under 28 U.S.C. § 1404(a), the "change of venue" statute. Whereupon the matter was filed in the District of Arizona on December 12, 1975, was given the District of Arizona No. CIV 75–844–PHX–AAH and has come before the undersigned Judge on December 16, 17 and 18, 1975, since the undersigned was and is the designated Judge who held the jury trial on June 4, 5 and 6, 1974, entertained the jury verdict on June 6, 1974, convicting Petitioner, and sentenced him on June 28, 1974, all in Case No. CR 74–155–PHX in the District of Arizona,

pursuant to the designation of the undersigned Judge by Order of the Chief Judge of the Ninth Circuit dated April 22, 1974. The file herein has thus been referred to this undersigned Judge for consideration and ruling. We now have thoroughly considered it and the petition.

The petition filed as received cannot be considered on the merits for various reasons. It consists of more than 50 pages. Although the grounds are separately stated, the statement of facts does not relate specifically to the grounds raised. Petitioner seems to be attacking both the constitutionality of his sentence and raising various grounds allegedly by way of federal habeas corpus, but all of which have been obviously previously considered on appeal to the Ninth Circuit. Petitioner has made no effort to frame the issues so that the court is informed as to which issues, if any, have not been previously considered on appeal.

The statement of arguments and authorities is extensive and in a rambling and incoherent manner refers to various grounds. It clearly violates Local Rule 76 of this District Court, District of Arizona, which prescribes use of a form requiring that the supporting facts and grounds be stated concisely and, additionally, that any and all previous petitions for habeas corpus, motions under 28 U.S.C. § 2255 and any other applications, petitions or motions with respect to petitioner's conviction must be set forth, along with the nature thereof, the name and location of the court, the disposition thereof, the date of disposition thereof, and, if known, the citation of any such opinions or orders. It is obvious that the petition herein does not conform, to any substantial or reasonable degree, with the requirements of Local Rule 76, United States District Court, District of Arizona, and is not even in the form prescribed by said Local Rule.

In this connection, the undersigned Judge has before him a certified copy of an order of the Court of Appeals (Judge Ozell M. Trask, dated October 20, 1975, 9th Cir. No. 75–8417) declining a prior petition for habeas corpus filed by petitioner Long on August 6, 1975, and transferring that petition to the United States District Court, District of Kansas, within whose jurisdiction lies the United States Penitentiary at Leavenworth, Kansas, wherein petitioner Long is incarcerated.

The Court also notes that various respondents have been named. It appears that the present custodian of petitioner is the Warden, United States Penitentiary, Leavenworth, Kansas, and is the proper respondent. The other named respondents are superfluous and inappropriate.

Finally, the Criminal Docket of the United States District Court for the District of Arizona reveals, and this undersigned Judge has before him, the opinion in which the Ninth Circuit Court of Appeals on October 20, 1975, 524 F.2d 660 (9th Cir. No. 74–3458) affirmed the judgment of petitioner's conviction and sentencing rendered June 28, 1974, upon the jury's verdict of guilty returned on June 6, 1974, in Case No. 74–155–PHX. In another order, the Ninth Circuit stayed the issuance of the mandate in petitioner's appeal for 30 days pending a possible petition for rehearing en banc by petitioner. The record reveals that this stay order was issued on November 21, 1975, in 9th Cir. No. 74–3458.

■ Obviously, the undersigned Judge as the trial court lacks jurisdiction to consider the case until the issuance of the mandate by the Ninth Circuit, and additionally has no jurisdiction until after any ruling on petitioner's previous habeas corpus petition now before the District Court, District of Kansas. However, one additional point should be noted, and that is, that this trial court sent its "Statement of Reasons For Denying Bail on Appeal" on February 19, 1975, to the Ninth Circuit where it was received

on February 21, 1975, and affirmed on March 14, 1975 (See Exhibit A attached).

For the foregoing reasons the merits of the petition have not been considered.

It is ordered the petition for writ of habeas corpus is dismissed.

Separate judgment will be entered pursuant to Rule 58 Fed.R.Civ.Proc.

## JUDGMENT

It is adjudged that the petition for writ of habeas corpus is dismissed.

EXHIBIT A

United States District Court
D. Arizona
February 21, 1975

| UNITED STATES OF AMERICA, | ) | C.A. 9th No. 74–3458 |
|---|---|---|
| Plaintiff-Appellee, | ) | C.A. 9th No. Misc. 74–8360 |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSELL FLOYD LONG, | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |
| | | D.Ariz. No. CR–74–155 (Phx.) |

DISTRICT COURT STATEMENT SETTING FORTH REASONS FOR
ORDER OF JUNE 28, 1974, DENYING BAIL PENDING
APPEAL (Fed.R.App.P. Rule 9(b))

HAUK, District Judge.

## PRELIMINARY STATEMENT ON DENIAL OF BAIL PENDING APPEAL

Defendant-Appellant Russell Floyd Long was convicted on June 6, 1974, in the District of Arizona in Case No. CR.–74–155 Phx., after a 3-day jury trial in which guilty verdicts were returned upon the indictment charging Long in two counts with violations of 18 U.S.C. §§ 922(a)(6) and 924(a), making false statements in the acquisition of two firearms. Upon the verdicts of guilty of Defendant-Appellant in both counts, the Trial Court (the undersigned A. Andrew Hauk, United States District Judge for the Central District of California sitting in said United States District Court for the District of Arizona by designation and assignment of the Chief Judge of the Court of Appeals for the Ninth Circuit), ordered Long committed to custody and bond was fixed at $500,000 pending sentencing. After receiving the Presentence Report of the Probation Officer (Form 2a, dated June 26, 1974) made pursuant to Fed.R.Crim.P. Rule 32(c), the Court finally sentenced and committed Long on June 28, 1974, to a term of five years on each count, the five years on Count 2 to run consecutively to the five years on Count 1. In addition, the Court imposed a $5,000 fine on each count, consecutively; ordered that Long's passport be surrendered; and denied bail pending appeal.

On January 20, 1975, due to the court reporter's delay in preparing the trial transcript for appeal, the Court of Appeals granted Defendant-Appellant a 90-

day extension to file the record for appeal, and ordered Defendant-Appellant released on bail of $5,000 with $2,500 cash deposit to be posted. Plaintiff-Appellee filed an Emergency Motion on January 24, 1975, seeking to have vacated that portion of the Court of Appeals' Order which granted bail on appeal to Defendant-Appellant. On January 28, 1975, the Court of Appeals stayed its Order granting bail on appeal and allowed Defendant-Appellant five days to respond to the Government's Emergency Motion. On February 6, 1975, the Court of Appeals remanded the matter to the Trial Court "for the limited purpose of the entering of a written statement of reasons for the denial thereof as required by Fed.R.App.P. Rule 9(b)."

The Bail Reform Act, 18 U.S.C. Section 3141 et seq., and Rule 9(a) of the Federal Rules of Appellate Procedure set forth the considerations which should guide the Court in determining whether a person should be released pending appeal and require that the Court state in writing the reasons for actions taken in the event the Court either refuses release pending appeal or imposes conditions of release. Release after conviction pending appeal, following Rule 9(c) of Fed.R.App.P., is covered by Section 3148 of Title 18 which provides in part:

"A person . . . (2) who has been convicted of an offense . . . and . . . has filed an appeal . . . shall be treated in accordance with the provisions of Section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist or if it appears that appeal is frivolous or taken for delay, the person may be detained. . . ."

Thus the Act provides three instances when release pending appeal may be denied: (1) When the appeal is frivolous or taken for the purpose of delay, (2) When appellant poses a danger to another person or to the community, or (3) When appellant may flee the jurisdiction. *Weaver v. United States,* 131 U.S.App. D.C. 388, 405 F.2d 353 (1968).

In making these three determinations, the Court is guided by the ten factors set forth in 18 U.S.C. Section 3146(b):

1. Nature and circumstances of the offense charged.
2. The weight of the offense against the accused.
3. The accused's family ties.
4. Employment status.
5. Financial resources.
6. Character and mental condition.
7. Length of residence in the community.
8. Prior record.
9. Failure to appear in Court proceedings.
10. Flight to avoid prosecution.

Any other reasons the Court finds material may also serve as guidelines.

The Court in its Order of June 28, 1974, denying bail pending appeal indicated in general terms that all three of the Section 3148 reasons for not allowing release on bail pending appeal were present in the case of this Defendant-Appellant Long (Rep. Tr. of Sentencing, dated June 28, 1974, p. 20).

Now let us be more specific. Taking all of the documents and factual material presented and considered it is clear beyond any doubt that the appeal is frivolous and taken for delay, there is real risk that Long will flee, and he poses a danger to other persons and to the community.

Pursuant to the Order issued by the Court of Appeals on February 6, 1975, remanding the question of bail pending appeal to this Trial Court "for the limited purpose of the entering of a written statement of reasons for the denial thereof," the Trial Court has now considered and reconsidered, the following listed documents which the Court of Appeals now has in its possession and which much more than conclusively support the

denial of bail pending appeal first ordered by this Trial Court on June 28, 1974:

1. The handwritten trial notes made by the Trial Court during the three-day trial of Defendant-Appellant in the District Court.

2. The Presentence Report of the Probation Officer to the District Court (Form 2a, dated June 26, 1974) considered on June 28, 1974, at the time of sentencing. (Note: Said Presentence Report is being transmitted to the Court of Appeals by Assistant U. S. Attorney W. Ronald Jennings upon order of Trial Court.)

3. The District Court Reporters Transcript of Sentencing Proceedings and Minute Order of June 28, 1974, pp. 1–24, in which the Trial Court denied the Motion of Defendant-Appellant Long for bail pending appeal.

4. Application for Setting Appeal Bond and Stay of Execution of Sentence Pending Appeal filed by Defendant-Appellant in the District Court on June 28, 1974, which was denied.

5. Application for Appointment of Counsel on Appeal filed by Defendant-Appellant in the District Court on June 28, 1974, which was denied.

6. Application to Proceed in Forma Pauperis filed by Defendant-Appellant in the District Court on June 28, 1974, which was denied.

7. The Court's comments relative to parole of Defendant-Appellant (Form No. U.S.A. 792) sent to the Board of Parole, Washington, D.C., and dated July 17, 1974, p. 2.

8. The affidavits of Walter E. Peters, Special Agent of the Federal Bureau of Investigation stationed in Phoenix, Arizona, and W. Ronald Jennings, Assistant United States Attorney for the District of Arizona, filed with Plaintiff-Appellee's *Emergency Motion*—Motion to Vacate Order filed with the Court of Appeals on January 24, 1975.

9. The Reporter's two volume transcript of the trial record filed in the Court of Appeals on or about February 6, 1975. Volume I of this Reporter's Transcript of the trial is dated June 4, 1974, pp. 1–132. Volume II thereof is dated June 5, 1974, and June 6, 1974, pp. 133–292.

Upon due consideration of all the foregoing and good cause appearing, the Court now finds the following facts pursuant to 18 U.S.C. § 3148 and Rule 9(b) of the Federal Rules of Appellate Procedure, and the Court now states in writing the belief of the District Court and the reasons why there is no merit to the appeal, why it appears that the appeal is frivolous and taken for delay, why there is risk that the Defendant-Appellant Long will flee, why he poses a danger to other persons and to the community, and why the District Court now reaffirms its order of June 28, 1974, denying bail on appeal.

## THE TRIAL COURT'S FINDINGS OF FACT AND REASONS

The trial record, both at the time of Defendant-Appellant's Motion to Suppress heard on June 4, 1974 (Rep.Tr.Vol. I; dated June 4, 1974, pp. 42–132), and later at the time of sentencing, June 28, 1974 (Rep.Tr. of Sentencing, dated June 28, 1974, pp. 1–24), clearly shows that the facts before this Trial Court warranted, indeed demanded, that bail pending appeal be denied. That trial record, and the facts as stated in the affidavits of Walter E. Peters, Special Agent of the Federal Bureau of Investigation, and W. Ronald Jennings, Assistant United States Attorney for the District of Arizona, made in support of the Government's Emergency Motion before the Court of Appeals on January 24, 1974, formed the basis for this Court's ruling that bail be denied. These reasons can be fully reiterated and listed by referring to seven of the ten factors found in 18 U.S.C. § 3146(b), and the Court now makes its findings of facts and gives its reasons as follows:

1. The nature of the crime involved taken together with the state of mind of

Defendant-Appellant pose a danger to the safety of others, particularly Chief Judge Walter E. Craig and Judge William P. Copple, District Judges, District of Arizona, and Reba Long, the estranged wife of Defendant-Appellant, who threatened the two Judges with death (Rep.Tr. Vol. I, dated June 4, 1974, pp. 92–93) and the estranged wife with serious physical harm to the extent of never seeing her daughter or grandchildren again (Rep.Tr. Vol. I, dated June 4, 1974, pp. 108–109). In this connection it should be noted, although Defendant-Appellant's attorney tried to make a futile point during the hearing on the Motion to Suppress to the effect that the testimony of the FBI Agent Peters was hearsay (which of course is permissible to show probable cause for warrantless search and seizure), nevertheless he refused to call Defendant-Appellant's estranged wife, Reba Long, as a witness, in spite of the fact that she was available to Defendant-Appellant and his counsel in the Courthouse at all stages of the trial, including the hearing on the Motion to Suppress, and therefore willingly gave up the opportunity to call her in any attempt to rebut or refute the facts of Defendant-Appellant's threats on the lives of the two Federal Judges and the threats to the physical security of the estranged wife and others, as well as her expressed fear for her life (Rep.Tr. Vol. I, dated June 4, 1974, pp. 45–46; Rep.Tr. of Sentencing, dated June 28, 1974, pp. 13–18).

2. The weight of the evidence against the Defendant-Appellant is overwhelming, clearly showing beyond any reasonable doubt the guilt of the Defendant-Appellant. (Rep.Tr. Vol. II, dated June 5 and 6, pp. 133–292.)

3. Defendant-Appellant Long's family ties would have no effect in preventing his criminal activities. Long's estranged wife, Reba Long, informed Federal agents of Long's plans to kill the two Federal judges, and also gave her consent to the search of their home. Divorce proceedings had been commenced at the time of sentencing, and she not only was threatened with not ever again seeing her daughter or grandchildren, but feared for her own life and the lives of others (Rep.Tr. Vol. I, dated June 4, 1974, p. 92).

4. It is unlikely that the Defendant-Appellant could or would obtain employment if released. His business is in serious disarray, and according to Defendant-Appellant Long himself, he would "be completely and totally without a means to support [himself]." (Rep.Tr. of Sentencing, dated June 28, 1974, p. 11.)

5. The Defendant-Appellant is without visible means of support (Rep.Tr. of Sentencing, dated June 28, 1974, p. 12).

6. The Defendant-Appellant has a violent character, or at least a vehement character, as reflected in the pretrial psychiatric report of Dr. Tuchler. (Rep.Tr. of Sentencing, dated June 28, 1974, p. 6).

The Court took notice of Defendant-Appellant's violent proclivities at the time of sentencing in pointing out that upon defense counsel's own questioning of the FBI Agent,

" . . . the agent testified that she [Mrs. Long] told him that she had gone with Long to the area of Camelback where Judge Copple lives, and showed her a window through which he was going to throw the grenade; that on February 24, 1974, she had gone with him, Mr. Long, to the residence of Judge Craig; that he paid $4,000 to hit a judge, he was buying up gems in downtown Phoenix, and he had the capacity to execute these threats, and he was storing at his house explosives and guns." (Rep.Tr. of Sentencing, dated June 28, 1974, pp. 17–18).

And " . . . the reason is that he is a danger to the community, a very grave danger to the community, that the gun laws must be enforced, that what he did in buying those guns under false pretenses and using false names and fictitious names and num-

bers and driver's licenses, and paying and bribing—let's call it by its true name—bribing the young black who worked for the Jewel Box—he violated the statutes, the laws of gun controls, which are the most effective and the most important, in my view, to proper control of guns and keeping them out of the hands of vehement if not violent men. And, of course, the rest of the grounds for it are fully set forth in the record—I don't have to repeat them. He is a danger to the community. And that is sufficient to deny bail or a stay of execution." (Rep.Tr. of Sentencing, dated June 24, 1974, pp. 21–22. See also the Agent's testimony on the Motion to Suppress, Rep.Tr. Vol. I, dated June 4, 1974, pp. 92–93).

Moreover, this Trial Court takes note of its comments relative to parole of Defendant-Appellant sent to the board of Parole on July 17, 1974, which stated:

"The defendant, it was shown beyond any reasonable doubt during the evidentiary hearing on the Motion to Suppress, had taken his wife along to show her how he would kill Federal District Judge William P. Copple by throwing a grenade through his window; how he would kill Chief Judge Walter Early Craig, because he had $4,000 to hire a hit man; and also has threatened Federal Judge C. A. Muecke. All of these Judges are Federal Judges of the District of Arizona. Further, in making these threats he actually went to the apartment house of Judge Copple and to the home of Chief Judge Craig. Further, it appeared that he was involved in an attempt to injure or kill a State Judge and his wife, Henry S. Stevens. *He is a dangerous man.*" (Form U.S.A. 792, dated July 17, 1974, p. 2)

7. The Defendant-Appellant has a pilot's license and is capable of fleeing the jurisdiction of the Court. (Rep.Tr. of Sentencing dated June 28, 1974, p. 19.)

## CONCLUSIONS

With the foregoing findings of fact and reasons, it would be the height of folly and the depth of blindness to state the Trial Court's strong and honest belief otherwise than that Defendant-Appellant Long has posed and now poses a danger to other persons—Federal Judges and his estranged wife, and to the community, that there is a substantial risk he will flee, and that his appeal is frivolous and taken solely for delay.

## ORDER

Now, therefore, and based upon the foregoing findings of fact, reasons and conclusions,

It is hereby ordered that the motion of Defendant-Appellant for bail pending appeal should continue to be denied and that the prior order of this District Court denying bail pending appeal should be reaffirmed.

It is further ordered that the original and three copies of this "DISTRICT COURT STATEMENT SETTING FORTH REASONS FOR ORDER OF JUNE 28, 1974, DENYING BAIL PENDING APPEAL (Fed.R.App.P. Rule 9(b)) be filed immediately with the Court of Appeals for the Ninth Circuit; that one additional copy be sent to each of The Honorable Richard H. Chambers, Chief Judge, and The Honorable James R. Browning, Judge, of the Court of Appeals for the Ninth Circuit; that three copies be filed with the Clerk of the United States District Court for the District of Arizona at Phoenix; that one copy each be served upon The Honorable Walter Early Craig, Chief Judge, and The Honorable William P. Copple, Judge, United States District Court, District of Arizona at Phoenix, Arizona; and that one copy each be served upon counsel for Plaintiff-Appellee, W. Ronald Jennings, Assistant United States Attorney, and counsel for Defendant-Appellant, Michael E. Hurley, both in Phoenix, Arizona.