Barry Jay **FELDMAN,**
**Petitioner-Appellant,**

v.

Gary L. **HENMAN,**
**Respondent-Appellee.**

No. 86–2406.

United States Court of Appeals,
Ninth Circuit.

Submitted February 10, 1987.*

Decided April 29, 1987.

As Amended June 26, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Barry Jay Feldman, Tucson, Ariz., for petitioner-appellant.

James Whitney, Tucson, Ariz., for respondent-appellee.

Before ANDERSON, ALARCON and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Appellant Feldman filed in the district court a habeas corpus petition under 28 U.S.C. § 2241 seeking release from custody and appointment of advisory counsel for his pending appeal from his conviction for unarmed bank robbery. Feldman alleged that certain errors by our court in the handling of his appeal from his conviction entitled him to the writ requested. Feldman did not allege any error in the trial court's handling of his case, his conviction, or the sentence imposed. The district court denied his petition on the merits without deciding whether or not it had jurisdiction. Feldman timely appeals.

We do not address the merits of Feldman's habeas claims because the district court lacked subject matter jurisdiction to entertain Feldman's habeas corpus petition. Instead, we vacate the judgment of the district court and remand this matter to the district court with instructions to dismiss for lack of subject matter jurisdiction.

## I.

In his habeas corpus petition, Feldman raises two claims which, during his appeal from his conviction, he had previously presented before our court of appeals: (1) that our court should have granted him advisory counsel on appeal from his conviction, and (2) that our court's delay in hearing his appeal from this conviction violated his right to procedural due process. The two motions panels which ruled on these claims found them meritless and denied them.

■ Before the district court ruled on Feldman's habeas corpus petition, another panel of our court decided the merits of his appeal from the conviction, rejecting each of Feldman's claims of error in the trial. *United States v. Feldman,* 788 F.2d 544 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). Feldman unsuccessfully petitioned the panel which affirmed his conviction for rehearing. He could have, but did not, raise at that time the two claims raised first in his two unsuccessful motions and currently in his habeas corpus petition.[1] Feldman then filed a petition for certiorari with the Supreme Court in the appeal from his conviction in which petition he either could have or did raise these same two claims. This petition for certiorari was still pending before the Supreme Court when the district court ruled on Feldman's habeas corpus petition.[2]

After this court affirmed Feldman's conviction, the district court decided Feldman's habeas corpus claims adversely to Feldman, apparently construing his petition as one requesting either premature release from his affirmed term of imprisonment or the granting of a new appeal with the aid of court-appointed, advisory counsel. The district court did not address the effect on its jurisdiction caused (1) by our court's resolution of Feldman's claims in the two motions he made during his appeal from the conviction or (2) by the then pending petition for certiorari before the Supreme Court.

## II.

■ A district court *should not* entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court. *Black v. United States,* 269 F.2d 38, 41 (9th Cir.1959), *cert. denied,* 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960); *Nemec v. United States,* 184 F.2d 355 (9th Cir.1950). The reason for this rule is that "disposition of the appeal may render the [habeas corpus writ] unnecessary." *Black,* 269 F.2d at 41. This is true if the appeal is still pending in our court, although we may decide to deem the appeal abandoned in order to dispose of the jurisdictional question. *Id.* It is even more

---

1. *See United States v. Houser,* 804 F.2d 565, 567–68 (9th Cir.1986) ("law of the case" doctrine does not preclude merit panel's review of motions panel's judgments; such review is within the merit panel's discretion).

2. Because it is not an "actual adjudication" under 28 U.S.C. § 2244(c), the Supreme Court's subsequent denial of Feldman's petition for certiorari, *see* —— U.S. ——, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987) does not resolve the issues presented by Feldman's habeas corpus petition. *Miller v. Carter,* 434 F.2d 824, 825–26 (9th Cir. 1970), *cert. denied,* 402 U.S. 972, 91 S.Ct. 1658, 29 L.Ed.2d 137 (1971).

appropriate for the district court to decline to address the merits of a petition when review of the conviction is pending before the Supreme Court, as in *Nemec*, since neither the district court nor this court can treat such petitions for review as abandoned. *Cf. United States v. Wolfson*, 340 F.Supp. 968, 971 (D.Del.1972) (review by district court unwarranted while certiorari is pending before Supreme Court).

Because the Supreme Court had not yet decided how it would treat Feldman's petition for certiorari prior to the district court's handling of his habeas corpus petition, the district court had no authority to entertain the writ. Federal prisoners must exhaust their federal appellate review prior to filing a habeas corpus petition in the district court. *Cf. Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir.1986) (district court properly dismissed petition since federal prisoners must exhaust their federal administrative remedies prior to bringing a writ of habeas corpus in federal court).

### III.

The district court's decision to review Feldman's habeas corpus petition without deciding if it had jurisdiction to review matters already decided by our court raises additional concerns. Absent Supreme Court authority contrary to our decision in a case, a district court *cannot* entertain, even in a matter properly before it, a petition by a party which in effect seeks to undo our court's resolution of a matter first addressed to and fully and fairly adjudicated by it. *Insurance Group Comm. v. Denver & Rio Grande Western R.R.*, 329 U.S. 607, 612, 67 S.Ct. 583, 585, 91 L.Ed. 547 (1947) ("When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court."). *See Williams v. United States*, 307 F.2d 366, 368 (9th Cir.1962) (habeas corpus petition cannot be "utilized as a method of reviewing the action of this court in [handling] an appeal"), *overruled on other grounds in Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). *Cf. United States v. Houser*, 804 F.2d 565, 567 (9th Cir.1986)

("A trial court may *not* ... reconsider [upon remand] a question decided by an appellate court.") (emphasis in original); *Polizzi v. United States*, 550 F.2d 1133, 1336 (9th Cir.1976) ("As neither manifest injustice nor a change in the law is present here, dismissal is proper if petitioners are raising an issue previously determined 'on the merits.'") (citing *Kaufman*, 394 U.S. at 227 n. 8, 89 S.Ct. at 1074 n. 8. *See also United States v. Sanders*, 142 F.Supp. 638, 641 (D.Md.1956) (district "court cannot properly vacate a sentence ... affirmed by the Court of Appeals for any alleged or suggested error of the Court of Appeals") (habeas corpus petition).

As the district judge in *Wolfson* correctly held:

> [T]he effect of [petitioner's habeas corpus writ] is to [ask the district court] to review the discretionary actions of the Court of Appeals.... This the [district court] will not do. Whether [the petitioner] should have been or should be released ... pending certiorari to the Supreme Court is a matter exclusively within the jurisdiction and power of the Court of Appeals, the Supreme Court or any Judge or Justice thereof. Since the Court of Appeals ... ha[s] acted on [petitioner's claims, the district court] is without power to [grant petitioner's writ].

*Wolfson*, 340 F.Supp. at 971 (citations omitted). *See also Long v. Attorney General of the United States*, 406 F.Supp. 186, 188–89 (D.Ariz.1975). *Cf. Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam) (filing of notice of appeal divests district court of jurisdiction); *United States v. Edwards*, 800 F.2d 878, 883–84 (9th Cir.1986) (district court without jurisdiction to make determinations after filing of notice of appeal); *Doyle v. United States*, 721 F.2d 1195, 1197 (9th Cir.1983) (filing of notice of appeal transfers jurisdiction to the court of appeals with respect to all matters involved in the appeal so as "to avoid the confusion and inefficiency of two courts considering the same issues simultaneously"); *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441–42 (9th Cir.

1983) (district court cannot decide matters beyond scope of remand order).

■ Both of the claims presented by Feldman's habeas corpus petition were already decided by our court and the district court had no authority to "redecide" them—even where, as in this case, the district court's resolution is in accord with the decisions made by our panels. Although some matters may be advanced for a second time in a habeas petition "even though the issue has been presented and resolved on direct appeal from a criminal conviction, . . . we find here none of the elements . . . warranting relitigation." *Clayton v. United States,* 447 F.2d 476, 477 (1971) (citing *Kaufman,* 394 U.S. at 230–31, 89 S.Ct. at 1076–77). In *Kaufman,* the Supreme Court held that, in certain limited circumstances, a federal prisoner may raise in a section 2255 petition claims of *trial court* error that have been previously raised and decided on direct appeal. 394 U.S. at 227 & n. 8. Our prior cases evidence some confusion over the scope of the *Kaufman* holding. *Cf. United States v. Currie,* 589 F.2d 993, 995 (9th Cir.1979) ("Issues disposed of on a direct appeal are not reviewable in a subsequent § 2255 proceeding.") *and Egger v. United States,* 509 F.2d 745, 748 (9th Cir.1975) (same) *with Jack v. United States,* 435 F.2d 317, 319 (9th Cir.1970) ("The fact that the legal claim has been determined in an appellate proceeding by this court is not necessarily determinative in a section 2255 proceeding. There are circumstances where the district court would be compelled, even in the face of such an appellate determination, to hold an evidentiary hearing on the claims of a federal prisoner.") (footnote omitted). However, as previously stated, in his section 2241 petition Feldman raised no claim of trial court error; rather, he raised objections to this court's handling of his prior appeal from conviction. We therefore need not reconcile our prior holdings with the dictates of *Kaufman.*

3. *But see Insurance Group Comm. v. Denver & Rio Grande Western R.R.,* 329 U.S. 607, 612, 67 S.Ct. 583, 585, 91 L.Ed. 547 (1947) ("While power rests in a federal court that passes an order or decision to change its position on a subsequent review in the same cause, orderly judicial action, *except in unusual circumstances,* re-

## IV.

■ Feldman complains that to rule that the district court lacks jurisdiction effectively denies him judicial recourse for redress of abuses by our court. This claim is meritless because the appropriate relief was actually available to Feldman *within our court.*

Feldman could have applied to our court for an amendment to the mandate. *See, e.g., Newhouse,* 708 F.2d at 442; *Williams,* 307 F.2d at 368 (habeas corpus proceeding) ("If an appeal is improvidently [resolved] in *this court* the remedy is by way of motion directed to *this court* asking for a recall of the mandate . . . so that *this court* may determine whether the appeal should be reinstated. The recall of the mandate . . . is entirely discretionary with *this court.*") (emphasis added). *See also Rivera v. United States,* 477 F.2d 927 (3d Cir.1973) (remedy of petitioner, who claimed he had been denied effective assistance of counsel on appeal, was by way of a motion directed to the court of appeals requesting a recall of its mandate, not by means of a habeas corpus petition filed in the district court).[3]

## V.

The cases cited to us by Feldman are inapposite. Each involves the availability of either habeas corpus relief in a district court from *state* court judgments or immediate relief from an alleged abuse in a federal court of appeals raised in the course of the appeal itself. *See, e.g., Odsen v. Moore,* 445 F.2d 806 (1st Cir.1971) (habeas corpus relief available in federal district court from *state* court judgment for delay in *state* court appeal allegedly amounting to due process violation); *Dixon v. Florida,* 388 F.2d 424 (5th Cir.1968) (same); *United States v. Johnson,* 732 F.2d 379, 381–82 (4th Cir.) (issue of due process violation based on tardiness by court of appeals in hearing appeal properly addressed *to the court of appeals* during

quires it to refuse to permit the relitigation of matters or issues previously determined on a former review.") (emphasis added; footnote omitted). We take no position on whether the issues Feldman raises in his habeas corpus petition present such "unusual circumstances."

direct appeal from conviction), *cert. denied,* 469 U.S. 1033, 105 S.Ct. 505, 83 L.Ed.2d 396 (1984); *United States v. Pratt,* 645 F.2d 89, 91 (1st Cir.) (same), *cert. denied,* 454 U.S. 881, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). No case stands for the proposition that petitioners have a right to review of decisions made by a federal court of appeals by means of a habeas corpus petition filed in a federal district court. Feldman's appeal is thus without merit.

THE DISTRICT COURT'S JUDGMENT IS VACATED. THIS CASE IS REMANDED TO THE DISTRICT COURT WITH INSTRUCTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.