951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. MONTALVO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15811.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 26, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Montalvo, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence.[1] The district court determined that it lacked jurisdiction to consider the motion because Montalvo's direct appeal was pending. We affirm.
 
 
 3
 * Montalvo had a timely Rule 59(e) motion for reconsideration pending when he filed his notice of appeal, which renders the notice of appeal ineffective. See Allah v. Superior Court, 871 F.2d 887, 889 (9th Cir.1989). Thus, he was required to file a new notice of appeal after the district court's entry of the order disposing of the motion. See id. Nevertheless, we may construe Montalvo's motions to proceed in forma pauperis and for leave to appeal on the original papers as a notice of appeal. See id. at 890. Moreover, because the district court never entered a separate judgment dismissing Montalvo's action, Montalvo's notice of appeal is timely, and we have jurisdiction over his appeal. See McCalden v. California Library Ass'n, 919 F.2d 538, 541-42 (9th Cir.1990); Allah, 871 F.2d at 889-90.[2]
 
 II
 
 4
 Absent the most unusual circumstances, a federal prisoner may not collaterally attack his sentence and conviction while his direct appeal is pending because disposition of the appeal may render the collateral attack unnecessary. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Feldman v. Henman, 815 F.2d 1318, 1320-21 (9th Cir.1987).
 
 
 5
 Because Montalvo's direct appeal was pending when he filed his section 2255 motion, the district court properly dismissed the the motion for lack of jurisdiction. See Feldman, 815 F.2d at 1320-22.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Montalvo's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Although Montalvo entitled his pleading "Complaint to Dismiss Indictment," the district court properly construed the pleading as a section 2255 motion. See 28 U.S.C. § 2255 (section 2255 motion is the appropriate vehicle for a federal prisoner's collateral attack on his sentence); Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981) (courts should construe pro se pleadings liberally; panel construed 1983 complaint as habeas petition)
 
 
 [2]
 Even if the district court had entered a separate judgment, Montalvo's notice of appeal, which was filed within 60 days of the entry of the order, would be timely. See Fed.R.App.P. 4(a)(1)