956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph LOMBARDO, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-1085.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1992.*
Decided March 3, 1992.
Rehearing and Rehearing In Banc
Denied May 13, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge[1].
 
 ORDER
 
 2
 Petitioner Lombardo was convicted of wire fraud in 1984. United States v. Williams, 737 F.2d 594 (7th Cir.), cert. denied, Williams v. United States, 470 U.S. 1003 (1984). Subsequently, the Supreme Court decided McNally v. United States, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), rejecting the idea that the deprivation of another's intangible rights constituted mail or wire fraud. Because the indictment and jury instructions in his case included the discounted intangible rights theory, Lombardo seeks to have his conviction vacated under 28 U.S.C. § 2255.
 
 
 3
 We have seen this case before. In Lombardo v. United States, 865 F.2d 155 (7th Cir.), cert. denied, 491 U.S. 905, 109 S.Ct. 3186, 105 L.Ed.2d 695 (1989), petitioner Lombardo claimed that, in light of the holding in McNally, his conviction was invalid because the jury may have relied on the intangible rights theory in finding him guilty. This court denied relief because the jury instructions did not allow conviction on the intangible rights theory alone, but also required the jury to find that the petitioner had engaged in a scheme to obtain money and property through fraudulent pretenses. In view of the conjunctive wording of the instructions, the discussion of intangible rights was found to have been nonprejudicial. Id. at 159.
 
 
 4
 Petitioner's claim in the instant case is indistinguishable, as he again asserts prejudice due to the inclusion of the intangible rights theory in the indictment and jury instructions. The sole difference is that he now cites United States v. Lytle, 677 F.Supp. 1370 (N.D.Ill.1988), for the proposition that any mention of the intangible rights theory requires reversal. We need not address the merits of the claim, however, as that would repeat the work done by the panel that considered Lombardo's first petition. When a second petition raises old arguments, the petitioner has the burden of showing that the "ends of justice" require the court to revisit the issues. Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148, 160-61 (1963).[2]
 
 
 5
 Generally, the "ends of justice" test is satisfied where the prior evidentiary hearing was not full and fair, there has been an intervening change in the law, or there was some justification for failing to raise a crucial point in a prior application.[3] Petitioner argues that Lytle effected a change in the law. In Lytle the court, prior to trial, struck part of an indictment discussing the intangible rights theory. 677 F.Supp. at 1382-84. Lombardo interprets this as a holding that any indictment discussing the intangible rights theory contains harmful surplusage, and so he deserves a new trial.
 
 
 6
 This argument fails for two reasons. First, Lytle was decided before this court ruled on Lombardo's prior petition, and so could not make an "intervening" change in the law. Compare Sulie v. Duckworth, 864 F.2d 1348, 1351 (7th Cir.1988), cert. denied, 493 U.S. 828, 110 S.Ct. 93, 107 L.Ed.2d 58 (1989) and Jacks v. Duckworth, 857 F.2d 394, 399-400 (7th Cir.1988) (both relying on cases decided after a prior petition in looking for an intervening change in the law). Second, Lytle did not plainly change the law, as the court there simply struck part of an indictment; it did not address the issue of what would have happened if the indictment had remained as written. Additionally, we question whether a district court opinion could ever create an intervening change in the law. It would not bind this court, which is obligated to follow its own decision on the first petition, and the Ninth Circuit has implied that only the Supreme Court could produce the type of change in the law required by Sanders. Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987) ("Absent Supreme Court authority contrary to our decision in a case, a district court cannot entertain, even in a matter properly before it, a petition by a party which in effect seeks to undo our court's resolution of a matter first addressed to and fully and fairly adjudicated by it.").
 
 
 7
 Therefore, the district court's denial of Lombardo's claim is affirmed.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The Honorable Robert A. Grant, of the Northern District of Indiana, is sitting by designation
 
 
 [2]
 Sanders established the following test for evaluating successive petitions
 Controlling weight may be given to a denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.
 373 U.S. at 15, 83 S.Ct. at 1077, 10 L.Ed.2d at 161. As the first two criteria are plainly satisfied, the sole question in the instant case is whether the ends of justice require a fresh look at the indictment and jury instructions.
 
 
 [3]
 In some cases the court may also consider whether the petitioner has made a "colorable showing of factual innocence." See Jacks v. Duckworth, 857 F.2d 394, 399-400 (7th Cir.1988) (discussing Kuhlmann v. Wilson, 477 U.S. 436, 106 S.Ct. 2616 (1988)), cert. denied, 489 U.S. 1017, 109 S.Ct. 1133, 103 L.Ed.2d 195 (1989)