5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry HARRIS, Defendant-Appellant.
 No. 91-16075.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 13, 1993.
Decided Sept. 8, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-91-0024-EDP; Edward Dean Price, District Judge, Presiding.
 E.D.Cal.
 REVERSED AND REMANDED.
 
 
 1
 Before: REINHARDT and LEAVY, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Jerry Harris appeals from the district court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. Sec. 2255, arguing that the district court erred by not finding that the trial court committed constitutional error in the procedure it employed with regard to the cross-examination of a critical witness and, further, that appellant was denied effective assistance of counsel insofar as his appellate counsel failed to raise the alleged constitutional error on appeal. We review the district court's denial of the Sec. 2255 motion on a de novo basis. United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993).
 
 
 4
 In the case at bar, appellant was found guilty on April 27, 1989, of conspiracy to commit extortion under color of official right (18 U.S.C. Sec. 1951), extortion (18 U.S.C. Sec. 1951), bribery (18 U.S.C. Sec. 666) and conspiracy to commit bribery (18 U.S.C. Sec. 371). On June 29, 1989, appellant was sentenced to two years imprisonment on count one (conspiracy to commit extortion), two years imprisonment on count two (extortion) to run concurrently with count one and placed on five years probation on the remaining counts.
 
 
 5
 Pursuant to a timely appeal, this Court in an unpublished opinion considered and denied two claims alleging error in the trial of Mr. Harris and his co-defendants. Significant among these claims,[1] appellant asserted that his Sixth Amendment right to cross-examine witness Carson Rapp was denied as a result of undue limits placed on the examination by the trial court. See United States v. Harris, C.A. 89-10331 (9th Cir.1990). On April 15, 1991, appellant filed the instant motion under Sec. 2255. On June 24, 1991, the district court denied the petition, concluding that appellant was not denied his constitutional right of confrontation and that he did not suffer ineffective assistance of counsel. Appellant now appeals that denial.
 
 
 6
 A central issue in this appeal is whether appellant raised on his previous appeal the claim that his Sixth Amendment right to confrontation was denied as a result of procedures employed by the trial court, insofar as such procedures amounted to the preclusion of effective cross-examination of Carson Rapp. See United States v. Vargas, 933 F.2d 701 (9th Cir.1991) (holding that the trial court committed constitutional error in denying effective cross-examination of a material witness). A review of the record and briefs pertaining to the previous appeal reveals that in fact the matter of concern to the Court in Vargas was not raised on appeal. The matter on appeal was argued and considered in terms of whether the trial court simply overstepped the bounds of permissible restriction on cross-examination as it relates to appellant's right to probe for bias. Indeed, the Court's Memorandum Decision and the authority cited therein make this conclusion manifest.
 
 
 7
 Defendants argue that their cross-examination of witness Carson Rapp was unduly restricted by the trial court. Cross-examination into Rapp's organized crime connection as an FBI agent would have been cumulative for the purpose of showing bias and only tangentially relevant for the purpose of entrapment. See United States v. Bonnano, 852 F.2d at 438 (entrapment defense "focuses upon the defendant's predisposition to commit the crime, rather than on the actions of government agents"). Under these circumstances, it is not an abuse of discretion to limit cross-examination to prohibit inquiry into unrelated prior contacts as an FBI informant.
 
 
 8
 See United States v. Jackson, 756 F.2d 703 (9th Cir.1985). United States v. Harris, C.A. 89-10331, slip op. at 2 (9th Cir.1990). Under the circumstances, we conclude that we have jurisdiction to consider the instant appeal from the denial of the Sec. 2255 motion. Feldman v. Henman, 815 F.2d 1318, 1322 (9th Cir.1987).
 
 
 9
 This conclusion notwithstanding, the Court must consider whether there exists both cause to excuse appellant from his failure to raise the matter on appeal and actual prejudice stemming from the error of which he complains. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). As to the first prong, the Court is of the view that appellant's trial counsel exemplified inexcusable neglect in failing to present the matter to the Court as a basis of appeal.[2] The Court is also of the view that actual prejudice accrued to the detriment of appellant as a result of the omission. The Court finds Vargas factually and legally indistinguishable from the case at bar, an instance wherein defendant was effectively precluded from confronting a government witness on matters of great materiality.[3] Therefore, appellant is entitled to a new trial on the merits as a matter of law.
 
 
 10
 The decision of the district court denying appellant his motion under Sec. 2255 to vacate, set aside, or correct his sentence is therefore REVERSED and the matter is REMANDED for proceedings not inconsistent with this Memorandum.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant also asserted that the jury was not properly instructed as to the requirement of intent under the Hobbs Act, 18 U.S.C. Sec. 1951. The Court concluded that the jury was properly apprised on the intent element, a conclusion not contested in the instant appeal
 
 
 [2]
 Indeed, in a notable instance of candor, counsel himself admits, and submits a declaration in support thereof, that the omission of the Vargas issue amounted to ineffective assistance in violation of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Brief of Appellant, p. 15
 
 
 [3]
 The Court is mindful of the Supreme Court's recent holding in Brecht v. Abrahamson, that the standard for determining whether habeas relief under 28 U.S.C. Sec. 2254 must be granted is whether the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " --- U.S. ----, ----, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353, ---- (1993) (citation omitted). This standard arguably differs from that employed in Vargas, which was decided on direct appeal, and the instant appeal, which is premised on 28 U.S.C. Sec. 2255. These differences notwithstanding, the Court concludes that error of prejudicial magnitude occurred