10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth L. GREEN, a/k/a Ken Green, a/k/a Lee Kotomoto, a/k/a
Sam Yen, a/k/a Sammy Yen, Defendant-Appellant.
 No. 93-35134.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Nov. 12, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Kenneth L. Green pleaded guilty to eighteen counts of wire fraud in September 1992. Shortly after sentencing, Green filed a direct appeal with this court, which is currently pending. In January 1993, Green filed a motion to vacate the sentence under 28 U.S.C. Sec. 2255. The district court denied this motion because of the pending appeal, and Green appeals from this denial. We affirm.
 
 
 3
 A district court generally "should not entertain a habeas corpus petition while there is an appeal pending in this court." Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir.1987). One reason for this rule is that disposition of the direct appeal may render the habeas petition moot. Id.; United States v. Taylor, 648 F.2d 565, 572 (9th Cir.), cert. denied, 454 U.S. 866 (1981). However, the rule is not jurisdictional and a district court may entertain a habeas motion while a direct appeal is pending "if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy." Taylor, 648 F.2d at 572. In Taylor, we determined that extraordinary circumstances were present because the habeas claim raised a factual issue which cast doubt on "a pivotal aspect of the direct appeal." Id.
 
 
 4
 Green argues that extraordinary circumstances are present in his case because the district court and this court denied bail pending appeal. According to Green, this indicates that Green's direct appeal is unlikely to be successful, and therefore that disposition of the direct appeal will not render the habeas motion moot. We reject this argument because our denial of Green's motion for bail did not constitute a determination that Green's appeal lacked merit.
 
 
 5
 Green further argues that Taylor is directly applicable because his habeas claim casts doubt on an important aspect of the direct appeal. In his direct appeal, Green challenges the trial court's allegedly improper involvement in the plea negotiations. The habeas motion, on the other hand, alleges that his attorney's representation was ineffective because the attorney gave him erroneous legal advice in connection with the plea. We fail to see how the allegations contained in Green's habeas motion cast doubt on the factual basis of the issues to be decided on direct appeal.
 
 
 6
 Finally, Green suggests that the district court should have entertained his habeas motion merely because ineffective assistance claims generally cannot be raised on direct appeal, and because his attorney only recently discovered the facts underlying the ineffective assistance claim. Green does not explain why this situation is "extraordinary." There seems to be no reason why Green cannot bring his ineffective assistance claim in a habeas proceeding following disposition of the direct appeal. We conclude that no extraordinary circumstances exist to justify consideration of Green's habeas motion during the pendency of his direct appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3