19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Concepcion GARCIA, Defendant-Appellant. (Two Cases)
 Nos. 93-35427, 93-35440.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Jose Concepcion Garcia appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion seeking to set aside two concurrent 140-month sentences for two jury convictions involving the distribution of cocaine. This court has jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review the district court's denial of a Sec. 2255 motion de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Generally, unless there is Supreme Court authority contrary to our decision, "a district court cannot entertain, even in a matter properly before it, a petition by a party which in effect seeks to undo our court's resolution of a matter first addressed to and fully and fairly adjudicated by it." Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987). However, in certain unusual circumstances, a federal prisoner may raise claims in a habeas petition "of trial court error that have been previously raised and decided on direct appeal." Id. at 1322 (citing Kaufman v. United States, 394 U.S. 217, 227 & n. 8 (1969)). The petitioner must show that a constitutional violation probably has caused the conviction of one innocent of the crime. McCleskey v. Zant, 499 U.S. 467, 494 (1991).
 
 
 4
 Garcia claims he was denied his Sixth Amendment right to compulsory process for obtaining witnesses in his favor when the district court refused to grant immunity, to a proposed defense witness. In his direct criminal appeal, Garcia challenged the district court's refusal to allow the testimony of Jose Rodriguez-Garcia, and this court held that the district court did not abuse its discretion in excluding the testimony under Fed.R.Evid. 804(b)(3) or 403. United States v. Garcia, Nos. 90-30455, 90-30456, 1991 WL 268780 (9th Cir. Dec. 16, 1991), cert. denied, 113 S.Ct. 154 (1992). The district court correctly decided that Garcia was raising essentially the same issue in his Sec. 2255 motion and that there were no unusual circumstances which would allow the court to reconsider this court's ruling. See Feldman, 815 F.2d at 1318.
 
 
 5
 Garcia also contends that he was denied effective assistance of counsel when his trial counsel failed to strenuously object to the district court's refusal to grant immunity to one of Garcia's defense witnesses. Garcia's counsel did object to the exclusion of the testimony, however, and furthermore this court found that the testimony was properly inadmissible. Garcia, therefore, has not demonstrated that his attorney's actions were outside the "wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984), and that the deficient performances prejudiced the defense. Id. at 692.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3