21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ambrose MITCHELL, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15323.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1994.*
Decided April 19, 1994.
 
 1
 Before: GOODWIN, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Ambrose Mitchell was convicted of, among other crimes, first degree murder. We affirmed his conviction on direct appeal. Petitioner filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 (1988), which the district court denied. Petitioner again appeals. We again affirm.
 
 
 4
 Petitioner argues that there was insufficient evidence to show that he had the specific intent to commit murder due to his intoxication at the time of the killing. This precise issue was raised by petitioner on direct appeal and rejected by this court. Since petitioner offers no justification for revisiting an issue decided at trial and reviewed on direct appeal, we decline to do so. See Feldman v. Henman, 815 F.2d 1318, 1321-22 (9th Cir.1987); United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 5
 Petitioner next argues that he was denied effective assistance of counsel. First he alleges that trial counsel failed to raise an intoxication defense. This claim is factually erroneous: counsel raised the defense of voluntary intoxication, evidence on the issue was admitted, and the district court instructed the jury accordingly. Second, he argues that trial counsel failed to request jury instructions for all proper lesser included offenses of first degree murder. But the record shows that counsel did in fact request instructions for all appropriate lesser included offenses. Third, petitioner claims that counsel denied him the benefit of entering into a plea bargain. But again, this claim is factually erroneous. The record shows that it was the petitioner, not defense counsel, who rejected the government's offer of a plea agreement. See E.R. at 7.
 
 
 6
 In order for petitioner to demonstrate ineffective assistance of counsel, he must show that counsel's representation fell below an effective standard of reasonableness, and that he was thereby prejudiced. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). He has made absolutely no showing on these requirements.
 
 
 7
 The district court's denial of petitioner's motion is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3