112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey OTHERSON, Defendant-Appellant.
 No. 96-50379.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey L. Otherson appeals pro se the district court's dismissal of his petition for writ of error coram nobis. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.1989), and affirm.
 
 
 3
 In 1980, Otherson was convicted of depriving aliens of federal rights in violation of 18 U.S.C. § 242. This court upheld Otherson's conviction, after addressing on the merits, Otherson's claim that Otherson's victims were not protected under section 242 because the term "inhabitants" did not include aliens. See United States v. Otherson, 637 F.2d 1276 (9th Cir.1980).
 
 
 4
 On November 29, 1995, Otherson filed a petition for writ of error coram nobis raising the identical "inhabitant" issue addressed in Otherson, 637 F.2d 1276. We agree with the district court that it lacked jurisdiction to consider this issue. See Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987) ("Absent Supreme Court authority contrary to our decision in a case, a district court cannot entertain, even in a matter properly before it, a petition by a party which seeks to undo our court's resolution of a matter first addressed to and fully and fairly adjudicated by it." (emphasis added)); cf. Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976) ("[A] district court may refuse for entertain a repetitive petition absent a showing of manifest injustice or a change in law."). We also reject Otherson's argument that two out-of-circuit cases which interpret the term "inhabitants" in section 242 more narrowly, see United States v. Contreras, 950 F.2d 232, 243 (5th Cir.1991) (declining to precisely define "inhabitant" because victim, an illegal alien, lived in the United States); United States v. Maravilla, 907 F.2d 216, 224 (1st Cir.1990) (holding that foreigner who visits the United States briefly and stays for a few hours is not an "inhabitant"), and a 1994 Congressional amendment which substitutes the term "person" for "inhabitant," see 18 U.S.C. § 242 (1997), constitute "new law," see Polizzi, 550 F.2d at 1135.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3