

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2008

# USA v. Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Banks" (2008). *2008 Decisions.* Paper 370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4786
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 03-cr-00245)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 22, 2008

Before: McKEE, RENDELL and SMITH, <u>Circuit Judges</u>

Filed: October 14, 2008
_____

OPINION OF THE COURT
_____

PER CURIAM

    In 2004, a jury convicted Frederick H. Banks of mail fraud, copyright

infringement, money laundering, uttering and possession of counterfeit and forged

securities, and witness tampering. He was sentenced to sixty months of imprisonment, to be followed by three years of supervised release. We affirmed the judgment and sentence in June 2006. See United States v. Vampire Nation, 451 F.3d 189 (3d Cir. 2006). The Supreme Court denied Banks' petition for certiorari. See Banks v. United States, 127 S. Ct. 424 (2006). Banks next filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. The District Court denied the § 2255 motion and Banks appealed.

In the meantime, Banks filed various "notices" in the District Court, alleging that his sentence must be suspended under admiralty law, that he is a "foreign sovereign agent" protected by the "act of state doctrine," and that he is immune from prosecution as a Lakota Sioux Indian. The District Court treated the notices as motions attacking his conviction, and held that it was without jurisdiction to entertain them while this Court considered Banks' appeal of the order denying his § 2255 motion. Accordingly, the District Court denied the motions without prejudice to their re-submission following our adjudication of Banks' § 2255 appeal. Banks filed a motion for reconsideration, which the District Court denied by order entered December 13, 2007. He then filed the present appeal.[1]

As a general rule, a District Court should not entertain a habeas corpus petition

---

[1] To the extent that Banks now seeks to appeal from other orders entered on December 13, 2007, we affirm. Those orders directed the Clerk to strike as frivolous a "Notice of Non-Acceptance and Discharge of Debt Restitution and Special Assessment Fees" and a "Notice to Perform," in which Banks demanded payment from one of the District Court's staff who used his name in correspondence without permission.

while there is an appeal pending in the court of appeals or in the Supreme Court. See Feldman v. Henman, 815 F.2d 1318, 1320-21 (9th Cir. 1987). Such actions are disfavored as a matter of judicial economy and concern that disposition of the appeal may make the District Court's efforts a nullity. See, e.g., Kapral v. United States, 166 F.3d 565, 570-72 (3d Cir. 1999); Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985). These principles apply with equal force in this case. Banks' motions sought to invalidate his conviction and sentence, the same type of relief sought through the appeal of the denial of his § 2255 motion. Therefore, adjudication of Banks' § 2255 appeal may have rendered moot the issues raised in the motions filed in the District Court. Under these circumstances, the District Court properly rejected Banks' motions.

Because this appeal presents us with no substantial question, see I.O.P. 10.6, we will summarily affirm.