961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Neil KINSLOW, Defendant-Appellant.
 No. 90-56039.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Neal Kinslow, a federal prisoner, appeals pro se the district court's summary denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Kinslow was convicted of five counts of kidnapping in violation of 18 U.S.C. § 1201(a), one count of interstate transportation of a minor for sexual purposes in violation of 18 U.S.C. § 2423, one count of carrying a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c), and various firearms and vehicle offenses. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Kinslow argues that the trial court erred by (1) excluding his duress defense, (2) limiting his cross-examination of the minor victim, and (3) ordering that he not become eligible for parole review until he served a minimum term of twenty years. This court considered and rejected these claims on direct appeal. See United States v. Kinslow, 860 F.2d 963, 965-69 (9th Cir.1988) (Kinslow I ), cert. denied, 493 U.S. 829 (1989). The district court properly denied Kinslow's section 2255 motion as to these claims. See Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987).
 
 
 4
 Kinslow next contends that he was improperly convicted of interstate transportation of a minor for sexual purposes in violation of 18 U.S.C. § 2423 because the introduction of the victim's semen-stained shirt inflamed the jury unduly. He argues that the semen on the shirt came from the victim's father and that the introduction of the shirt and the bloodtyping evidence denied him a fair trial. This contention lacks merit.
 
 
 5
 An evidentiary error is not grounds for post-conviction relief under section 2255 unless the error is so prejudicial that it denies the defendant a fair trial. See United States v. Timmreck, 441 U.S. 780, 783-85 (1979); Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982).
 
 
 6
 At the trial, the prosecution presented testimony that Kinslow ordered the minor victim to remove her jeans, fondled her, orally copulated her, and raped her. Evidence was presented that the minor suffered a vaginal laceration, and samples taken from the vagina tested positive for semen. Because the semen from the vagina was contaminated with the victim's vaginal secretions, the prosecution's bloodtyping expert could not analyze the bloodtype of the perpetrator from the vaginal semen. The expert was able to analyze a large semen stain on the victim's shirt and testified that the perpetrator was either a bloodtype A secretor or a bloodtype AB secretor with a PGM type 1 plus. The expert explained that she could not determine whether the perpetrator was an A secretor or an AB secretor, testifying that "although I know the victim is AB [and thus a possible source of the B factor], I cannot tell for sure that some of that B [on the victim's shirt] did not come from another semen donor." She also testified that only 11 percent of the population are A or AB secretors with a PGM type 1 plus and that Kinslow is an A secretor with a PGM type 1 plus.
 
 
 7
 The district court properly denied Kinslow's claim that he was denied a fair trial by the admission of the semen-stained sweatshirt and the bloodtyping evidence. Kinslow alleges that the victim's father has bloodtype AB and is the source of the semen on the shirt. The expert testified, however, that the perpetrator was either an AB secretor or an A secretor and explained that the presence of the B factor could have come from the victim's blood or another sperm donor. Moreover, the expert analyzed other characteristics of the semen sample and placed Kinslow in the eleven percent of the population that could have perpetrated the crime. We conclude that admission of the evidence did not deny Kinslow a fair trial. See Timmreck, 441 U.S. at 783-85; Baumann, 692 F.2d at 572.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3