**UNITED STATES of America,**
**Plaintiff,**

v.

**Nathan WOLFSON, Defendant.**

**Civ. A. No. 4365.**

United States District Court,
D. Delaware.

April 24, 1972.

Nathan Wolfson, pro se.

OPINION AND ORDER

LATCHUM, District Judge.

Nathan Wolfson ("Wolfson"), who was permitted to proceed *in forma pauperis*, has moved to vacate his sentence under 28 U.S.C. § 2255. The facts relevant to his application are as follows:

Wolfson was convicted in this Court on thirteen counts of an indictment charging him with mail fraud. United States v. Wolfson, 322 F.Supp. 798 (D. Del.1971). He was sentenced on April 2, 1971 to concurrent terms of imprisonment for five years on each of twelve counts. The imposition of sentence was suspended on Count 14 and Wolfson was placed on probation for a period of three years following his prison term. Thereafter his judgment of conviction was affirmed by the Court of Appeals for the Third Circuit. United States v. Wolfson, 454 F.2d 60 (C.A. 3, 1972).

From the time of indictment until the Court of Appeals affirmed his conviction, Wolfson was at large on his own recognizance pursuant to 18 U.S.C. §§ 3146 and 3148. The Court of Appeals' judgment in lieu of a mandate affirming the conviction, dated January 21, 1972, issued immediately upon motion of the Government and was received by this Court on January 24, 1972. Wolfson thereupon moved for a continuance of release on his own recognizance. In so moving, Wolfson contended that the Government's motion for an accelerated mandate was considered *ex parte* by the Court of Appeals and its immediate issuance reduced the twenty-one day normal period in which Wolfson could have moved for a rehearing in the Court of Appeals, or to appeal or file a petition for certiorari to the United States Supreme Court. The time reduction thus prevented him while at large from applying during the twenty-one day period for release on bail to the Court of Appeals or to a Supreme Court Justice. Wolfson's attorney also represented that Wolfson should remain accessible for these proceedings and that he was to appear in the United States District Court for the Eastern District of New York for sentencing on a conviction in that Court.

This Court held a hearing on Wolfson's application for continued release

on bail on January 24, 1972. Had the usual mandate of affirmance of the conviction been issued by the Court of Appeals, this Court would have refused bail on the ground that it had no authority to grant bail after affirmance of Wolfson's conviction by the Court of Appeals. Whether Wolfson should have been released on bail pending his appeal or certiorari to the Supreme Court was a matter exclusively within the discretionary power of the Court of Appeals, the Supreme Court or any Judge or Justice thereof. Rule 46(a) (2), F.R.Crim.P.; United States v. Ellenbogen, 390 F.2d 537, 541, note 11 (C.A. 2, 1968), cert. den. 393 U.S. 918, 89 S.Ct. 241, 21 L. Ed.2d 206 (1968), reh. den. 399 U.S. 917, 90 S.Ct. 2187, 26 L.Ed.2d 576 (1970) ; 8A Moore's Federal Practice (2 Ed.) ¶46.10, 46–59.

However, the mandate received in this case was in unusual form and provided that it "shall issue immediately, without prejudice to the right of defendants[1] to apply to the district court for release on adequate bond (see paragraph 4 of the motion)." Apparently the Government's motion for accelerated issuance of the mandate suggested the possibility that Wolfson would flee the United States.

At the bail hearing in this Court, the Government took the position that the Court was without power to continue the release of Wolfson on bail after the affirmance of his conviction. However, this position, despite its force, hardly comported with the language of the Court of Appeals quoted above. The mandate expressly conferred upon Wolfson the right to apply to this Court for release on adequate bond. Consequently, this Court believed it was duty bound under that mandate to consider Wolfson's application for continued release.

At the hearing it was shown that Wolfson had never failed to appear in this Court or the Court of Appeals throughout the proceedings including all times after his conviction and sentencing. It was further shown that Wolfson had never failed to comply with his conditions of release or to appear in the United States District Court for the Eastern District of New York. Wolfson had no prior record and he lived and maintained his family in this District. In opposing the motion, the Government merely suggested the "possibility" that Wolfson would flee the country. Based on this record, the terms of the mandate of the Court of Appeals and applicable standards set forth in 18 U.S.C. §§ 3146 and 3148, this Court continued Wolfson's release on his own recognizance although requiring him to surrender his passport.

On February 3, 1972, Wolfson filed a petition for rehearing in the Court of Appeals and a motion to recall the mandate. The Government also filed a motion to revoke bail.

On February 16, 1972, the Court of Appeals entered an order (1) which deleted the language quoted above in the January 21st mandate and (2) denied the motion for recall of the mandate. Upon receipt of this order, Wolfson surrendered to the United States Marshal on February 17, 1972 for commitment to the custody of the Attorney General. This Court then revoked its prior release order.

On February 25, 1972, the Court of Appeals entered a further order denying Wolfson's motion (1) to recall the mandate, (2) to stay the mandate, and (3) for release on bail pending determination of his petition for a writ of certiorari to the Supreme Court.

According to Wolfson, an application for bail pending certiorari was also made to Justice Brennan, Third Circuit Justice, which was denied.

■ In urging his present § 2255 motion, Wolfson contends that he is being unlawfully detained since the Court of Appeals and Justice Brennan have denied him release on bail pending certiorari to the Supreme Court.

1. William F. Emmons was a co-defendant of Wolfson whose conviction was also affirmed.

The Court finds no merit to this contention.

■ *First,* the effect of Wolfson's present § 2255 motion is to have this Court review the discretionary actions of the Court of Appeals and Justice Brennan with respect to bail. This the Court will not do. Whether Wolfson should have been or should be released on bail pending certiorari to the Supreme Court is a matter exclusively within the jurisdiction and power of the Court of Appeals, the Supreme Court or any Judge or Justice thereof. Rule 46(a)(2), F.R.Crim.P. Since the Court of Appeals and one Justice of the Supreme Court have acted on Wolfson's bail application under Rule 46, this Court is without power to admit Wolfson to bail under the present circumstances. In fact, it does not appear that the defendant has exhausted his remedies for bail under Rule 46.

■ *Second,* a § 2255 motion to vacate a judgment of conviction is properly denied where a movant's petition to the Supreme Court for certiorari is pending at the time the motion was filed. Nemec v. United States, 184 F.2d 355 (C.A. 9, 1950). Here Wolfson's petition for certiorari was, and is still, pending in the Supreme Court.

■ *Third,* the question whether or not the Court of Appeals, the Supreme Court or any Judge or Justice should have admitted Wolfson to bail pending certiorari to the Supreme Court is not one which may be determined in a § 2255 proceeding. "Under § 2255 only constitutional or jurisdictional defects may be challenged." Cassidy v. United States, 428 F.2d 585, 587 (C.A. 8, 1970). Wolfson does not claim as required by § 2255, that (a) his sentence "was imposed in violation of the Constitution or laws of the United States," or (b) that the Court "was without jurisdiction," or (c) that "the sentence was in excess of the maximum authorized by law," or (d) that his sentence "is otherwise subject to collateral attack." It was never contemplated that a § 2255 motion is a proper vehicle for determining a question of release on bail.

Finally, the Court concludes that no hearing is necessary on the present motion since the undisputed facts recited above conclusively demonstrate, as a matter of law, that he is entitled to no relief. 28 U.S.C. § 2255.

No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A. 3, 1968).