**Luis SANTIAGO GONZALEZ,**
**Petitioner Pro Se,**

**UNITED STATES of America,**
**Respondent.**

**No. 01 CIV. 7189(JES).**
**No. 89 CR. 0404(JES).**

United States District Court,
S.D. New York.

April 23, 2002.

---

Luis S. Gonzalez, Florence, CO, Pro Se.

James Comey, United States Attorney, Southern District of New York (Karen B. Konigsberg, Assistant United States Attorney, Of Counsel), New York City, for United States of America, New York.

## MEMORANDUM ORDER AND OPINION

SPRIZZO, District Judge.

Petitioner *pro se*, Luis Santiago Gonzalez ("petitioner" or "Gonzalez"), brings the above-captioned action for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. In support of his petition, Gonzalez alleges that: (1) crucial inculpatory evidence was obtained without a warrant; (2) his fifteen-year term of imprisonment under 18 U.S.C. § 924(e)(1) was improper because his superseding indictment incorrectly cited 18 U.S.C. § 924(a)(2), which sets a maximum penalty of ten (10) years imprisonment; (3) he has been sent to the wrong prison; and (4) Judge John M.

Walker erred in refusing to recuse himself on appeal. For the reasons set forth below, the Court denies petitioner's writ because his claims are untimely, procedurally barred, and without merit.

## BACKGROUND

On May 8, 1989, two (2) secret service agents responded to a call warning that petitioner, potentially armed and carrying explosives, would attempt to assassinate then-President George Bush. The agents went to petitioner's residence, identified themselves, and were let in by petitioner. After the agents explained the purpose of their visit, Gonzalez suddenly lunged for a nearby briefcase. One agent quickly interceded, recovered the briefcase, and asked petitioner if the briefcase contained any weapons or explosives. When petitioner did not answer, the agent opened the briefcase and discovered, among other potentially inculpatory items, two (2) rounds of ammunition, two (2) knives, a fake identification badge, and a handwritten letter with President Bush's name on it. The agents then arrested Gonzalez.

On July 6, 1989, petitioner moved to suppress the above-described evidence on the ground that the agent who seized the briefcase violated petitioner's Fourth Amendment rights by searching the briefcase without a warrant. The Court denied the motion to suppress, stating, among other reasons, that immediate safety concerns justified the agent's search.

On October 18, 1989, a superseding indictment charged petitioner on one (1) count as a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). On October 27, 1989, a jury found petitioner guilty on that count.

On March 8, 1990, the Court sentenced Gonzalez to the mandatory fifteen-year term of imprisonment under 18 U.S.C. § 924(e)(1) because he had been convicted

of three (3) prior violent felonies or drug offenses. At sentencing, petitioner argued that his fifteen-year term was improper because the indictment incorrectly cited 18 U.S.C. § 924(a)(2)—which sets forth a ten-year term for violations of 18 U.S.C. § 922(g). Petitioner contended that, had he known he faced a fifteen-year sentence, he would have sought a better lawyer. The Court rejected his argument, stating that petitioner was charged with notice of the statute, and that § 924(e), as a sentence enhancement provision for recidivism, did not need to be in the indictment.

Petitioner subsequently appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit ("the Second Circuit"). On appeal, petitioner again argued that the evidence recovered from his briefcase should have been suppressed and that his mandatory fifteen-year sentence under § 924(e)(1) was improper. At oral argument, petitioner also sought for the first and only time, to have Judge John M. Walker recuse himself because of the Judge's familial relationship to then-President Bush.[1] Judge Walker denied such motion during oral argument.

In a summary order dated November 21, 1990, the Second Circuit rejected all of Gonzalez's claims, finding that exigent circumstances justified the agents' search of the briefcase, and that no serious prejudice resulted from the incorrect citation in Gonzalez's Superseding Indictment since Gonzalez had an opportunity to respond prior to being sentenced under § 924(e), and, in any event, as a sentence enhancement provision for recidivism, § 924(e) did not need to be in the indictment.[2]

## DISCUSSION

■ As a preliminary matter, Gonzalez's petition is not timely. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA" or "Act"), Pub.L. No. 104–132, § 105, 110 Stat. 1214, 1220, codified at 18 U.S.C. § 2255, requires that, as of April 24, 1996—the effective date of the Act— any petition pursuant to § 2255 must be filed within one (1) year of the date that a petitioner's conviction becomes final. The Second Circuit, allowing a one-year grace period for those whose convictions became final prior to enactment of the AEDPA, held that a § 2255 petition is still timely if filed on or before April 24, 1997—the one (1) year anniversary of the statute's effective date. *See Mickens v. United States,* 148 F.3d 145, 148 (2d Cir.1998).

The Second Circuit affirmed petitioner's conviction and sentence on November 21, 1990, and the 90-day period within which Gonzalez could petition for *certiorari* with the Supreme Court ended on February 19, 1991. Gonzalez's conviction thus became final on February 19, 1991. *See Diaz v. Scully,* 821 F.2d 153, 155–56 (2d Cir.), *cert denied,* 484 U.S. 933, 108 S.Ct. 306, 98 L.Ed.2d 264 (1987). Petitioner filed his § 2255 motion on August 2, 2001, over ten (10) years after his conviction became final and over four (4) years after the one-year grace period expired for pre-AEDPA convictions. Accordingly, Gonzalez's petition is untimely.

■ But even assuming, *arguendo,* that the instant petition is timely, Gonzalez's Fourth Amendment and sentencing

---

1. Judge Walker is the first cousin of former President George Herbert Walker Bush.

2. Although not raised in his petition, the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is not implicated since § 924(e) concerns sentence enhancements based on prior convictions. *See id.* at 490, 120 S.Ct. 2348; *see also United States v. Santiago,* 268 F.3d 151, 155 (2d Cir.2001).

claims are nevertheless procedurally barred. Any claim that is raised and argued on direct appeal cannot be re-litigated on collateral review. *See United States v. Perez*, 129 F.3d 255, 260 (2d Cir.1997). Petitioner's claims that agents illegally searched his briefcase and that his fifteen-year sentence was improper both were fully litigated and rejected by the Second Circuit, *see United States v. Gonzalez*, 923 F.2d 844 (2d Cir.1990) (*per curiam*), and are therefore procedurally barred.

■ In addition, petitioner waived his claim that he has been sent to the wrong prison because he did not raise such a claim on direct appeal.[3] "[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom . . . ." *DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir.1998) (citing *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Petitioner's apparent explanation for his failure to raise or pursue this claim is that he is not a lawyer. *See* Petition at 4. However, *pro se* status and ignorance of the law does not constitute cause. *See Tapia-Garcia v. United States*, 53 F.Supp.2d 370, 378 (S.D.N.Y.1999); *Neff v. United States*, 971 F.Supp. 771, 774 (E.D.N.Y.1997). Nor does petitioner present any evidence showing that he was prejudiced by his failure to

raise the wrong prison claim on appeal. He has therefore waived that claim.

■ Even if timely and not procedurally barred, petitioner's contention that he has been assigned to the wrong prison is simply not a basis for habeas relief under § 2255 because the frustration of his request to be sent to a particular prison "is not based on any legal or jurisdictional infirmity." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). Petitioner's prison assignment claim is, therefore, dismissed.

### A. *Petitioner's Recusal Claim*

■ Petitioner originally brought his motion to recuse Judge Walker at oral argument on his direct appeal. As noted above, Judge Walker summarily denied the request. *See* Tape of Oral Argument on Appeal dated November 20, 1990. However, since this claim was heard and rejected by the Court of Appeals, it is procedurally barred from being raised on collateral review. *See generally Riascos-Prado v. United States*, 66 F.3d 30, 33 (2d Cir.1995). Moreover, Gonzalez also waived the right to raise this claim in his habeas petition by not pursuing other remedies available to him through the appeals process, such as petition for rehearing or *certiorari* to the Supreme Court.[4]

---

**3.** At sentencing, Gonzalez requested that he serve his time at a medical facility in Rochester, Minnesota. The Court agreed to make such a recommendation, *see* Judgment of Luis Santiago Gonzalez, dated March 12, 1990, but informed petitioner that the recommendation was not binding on the Bureau of Prisons and would depend on the availability of space. *See* Sentencing Transcript dated March 8, 1990 at 23–24.

**4.** Gonzalez presents no additional evidence showing cause for his failure to pursue his claim further nor any prejudice resulting from such failure. *See DeJesus*, 161 F.3d at 102. Indeed, the record reflects that petitioner received a letter from counsel advising him that the recusal issue was worth pursuing to the Supreme Court—a course petitioner chose not to follow. Such evidence demonstrates further that petitioner waived this claim by sitting on his right to pursue it.

■ Even assuming the petition were properly brought, it is doubtful that this Court would have the authority to review petitioner's allegation that Judge Walker abused his discretion in refusing to recuse himself from the panel considering petitioner's appeal. The Court did not locate any Second Circuit authority addressing, in the context of a habeas petition, the question of whether a district court has the authority to review a decision of the Court of Appeals made during petitioner's direct appeal. However, other courts have answered that question in the negative. *See Feldman v. Henman,* 815 F.2d 1318, 1321 (9th Cir.1987) ("Absent Supreme Court authority contrary to our decision in a case, a district court *cannot* entertain, even in a manner properly before it, a petition by a party which in effect seeks to undo our court's resolution of a matter first addressed to and fully and fairly adjudicated by it."); *Page v. United States,* 884 F.2d 300, 302 (7th Cir.1989) ("If the court of appeals has actually considered and rejected a claim ... on appeal, that decision binds the district court unless there has been an intervening change in the law."); *Rivera v. United States,* 477 F.2d 927, 928 (3rd Cir.1973) ("[A] § 2255 proceeding cannot be employed as a method of reviewing the action of the Court of Appeals ...[t]he incongruity of a district court ruling and then implementing its ruling that the Court of Appeals erred.... is self-evident."); *see also United States v. Sanders,* 142 F.Supp. 638, 641 (D.Md.1956) ("[T]his court cannot properly vacate a sentence imposed here and affirmed by the Court of Appeals for any alleged or suggested error of the Court of Appeals.").

In effect, petitioner is asking this Court to "review the discretionary actions of the Court of Appeals" to determine whether Judge Walker abused his discretion in declining to recuse himself at oral argument. *United States v. Wolfson,* 340 F.Supp. 968, 971 (D.Del.1972). "This the Court will not [and cannot] do." *Id.*

■ Yet even if the Court were to undertake such a review and find that Judge Walker abused his discretion in not recusing himself on appeal, the Court would also conclude that such error was harmless insofar as Judge Walker's vote was not necessary to the otherwise unanimous decision upholding Gonzalez's sentence on appeal. *Cf. Murray v. National Broadcasting Co., Inc.,* 35 F.3d 45 (2d Cir.1994) (holding that where one judge has recused himself, remaining two judges on panel may properly render a decision.).

## CONCLUSION

For the foregoing reasons, petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence shall be and hereby is denied. The Clerk of the Court is hereby directed to close the above-captioned action.

**It is SO ORDERED.**