**Menachem PRI–HAR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 96 CIV. 9577(JES).**
**No. 93 CR. 278(JES).**

United States District Court,
S.D. New York.

Aug. 6, 2002.

Menachem Pri–Har, FCI Fort Dix, Fort Dix, NJ, Petitioner Pro Se.

James B. Comey, United States Attorney, Southern District of New York, New York City (Deidre A. McEvoy, Assistant United States Attorney, of Counsel), for respondent.

**MEMORANDUM OPINION AND ORDER**

SPRIZZO, District Judge.

Petitioner seeks to vacate the judgment against him in *Pri–har v. United States,* 83 F.Supp.2d 393 (S.D.N.Y.2000) pursuant to Fed.R.Civ.P 60(b)(3) relying in large part on alleged fraud conducted by the Government during the prosecution of that habeas corpus proceeding. Petitioner claims that the Assistant United States Attorney

made fraudulent representations in order to procure judgment in the Government's favor. For the reasons set forth below, petitioner's motion is hereby denied.

## BACKGROUND

Petitioner is currently serving a 168–month sentence arising out of a May 12, 1994 conviction on twenty-four (24) counts of fraud and conspiracy committed against several banks and the United States Department of Agriculture. The United States Court of Appeals for the Second Circuit ("the Second Circuit") summarily affirmed that conviction on January 3, 1995. *See United States v. Pri–Har*, 47 F.3d 1157 (2d Cir.1995).

On December 10, 1996, petitioner moved for a new trial pursuant to Fed.R.Crim.P. 33 and 28 U.S.C. § 2255, claiming that testimony obtained after trial constituted "newly discovered" exculpatory evidence. Specifically, petitioner presented evidence purporting to show that prior to his Rule 33 hearing, the Government knew and agreed that petitioner told bankers that they were to finance the Israel Emergency Wheat Program based on the pricing formula—a scenario consistent with petitioner's fact contentions.

On February 9, 2000, the Court rejected petitioner's arguments and ruled that "in fact [petitioner] submitted numerous documents" informing banks that they were to finance the purchase price, and that "Pri–Har orally represented to the banks that they would only be financing the purchase price of the wheat." *Pri–har v. United States*, 83 F.Supp.2d 393, 400 (S.D.N.Y. 2000). In addition, the Court held that the Government's recorded tapes provided "overwhelming evidence" that petitioner had intentionally misled the banks into believing that they were financing the purchase price of the wheat. *See id.* at 405. The Second Circuit summarily affirmed the Court's decision on May 1, 2001. *See*

*United States v. Pri–Har*, No. 00–1573, 10 Fed.Appx. 4, 2001 WL 468121 (2d Cir. May 01, 2001).

Petitioner now moves to vacate the judgment in the habeas proceeding pursuant to Fed.R.Civ.P. 60(b)(3) because of a fraud that the Government allegedly committed, as evidenced by supposedly knowing misrepresentations made to the Second Circuit on appeal.

## DISCUSSION

■ Rule 60(b) permits a party to a civil action to obtain relief from a final judgment if such judgment was obtained through "fraud ... misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). Petitioner cites *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir.2001), to establish the Court's jurisdiction over the instant motion: "[A] motion under Rule 60(b) to vacate a judgment denying habeas [relief] is not a second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b)." *Id.* at 198. Because petitioner presently seeks a reopening of his habeas proceeding, his requested relief is not considered a successive habeas petition. Yet, even though he may proceed with this motion, the substance of petitioner's allegations does not entitle him to the relief requested.

■ Petitioner bases his fraud claim on his argument that, while before the Second Circuit on appeal from the denial of his habeas petition, the Government intentionally misstated petitioner's position with respect to the wheat financing agreement. *See* petitioner's motion at 5. Petitioner cites to the Government's Appeal Brief, where the Government stated that "Pri–Har does not even contest that he represented on numerous occasions ... that the banks were being asked to base their loans on the purchase price of the wheat." Gov-

ernment Appeal Brief to Second Circuit at 43.

Petitioner alleges that before this Court, the Government described his defense in different terms than those set forth on appeal. Specifically, petitioner cites to the Government's Memorandum of Law in the habeas proceeding, which stated that "[a]s for the loans he obtained to fund the Israeli Emergency Wheat Program contract, Pri–Har denied that he represented to his financing banks that they would be financing only the purchase price of the wheat." *See* Petitioner's Notice of Motion, dated September 25, 2001 ("petitioner's motion") at 3.

Based on these supposedly divergent statements, petitioner seeks a "reopening of the Court's judgment in the habeas proceedings ... in order to demonstrate how the U.S. prosecution team not only fictitiously manufactured its case on the Wheat Counts, but also on other topics of the criminal indictment." Petitioner's motion at 9. The Court is unpersuaded by petitioner's argument.

The Second Circuit has ruled that "[a] movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." *Employers Mut. Casualty Co. v. Key Pharmaceuticals,* 75 F.3d 815, 824–25 (2d Cir.1996); *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986). Here, petitioner does no more than complain that the Government mischaracterized his version of the facts with respect to the wheat financing agreement when arguing before the Second Circuit.

Such allegations simply do not present the exceptional circumstances required to prevail on a Rule 60(b) motion. Petitioner does not even begin to address or question the underlying substantive evidence offered against him with respect to the wheat counts, and yet seeks extraordinary relief allowing for a full relitigation of the

claims against him. Any reopening of petitioner's habeas corpus proceeding under this set of circumstances would thwart the original intent of Rule 60(b): "to protect the fairness and integrity of litigation in the federal courts." *Lonsdorf v. Seefeldt,* 47 F.3d 893, 898 (7th Cir.1995).

Moreover, even if petitioner is correct that the Government somehow misrepresented his position before the Second Circuit, the full record of the case was nevertheless available to the appellate judges and petitioner's true position was readily discernable to them. By summarily affirming the Court's February 9, 2000 order, the Second Circuit expressed its opinion that the record was sufficient to support a denial of habeas corpus relief. Thus, any misrepresentation of petitioner's contentions by the Government—assuming there was such a misrepresentation—was deemed either insufficient to grant petitioner his requested relief or, more likely, immaterial to a resolution of the merits of his appeal. In other words, petitioner presents no evidence to support the notion that the Government was only able to procure the judgment against him by perpetrating a fraud on the Second Circuit. His motion is therefore denied.

▪ Additionally, it is doubtful that this Court even has the authority to grant petitioner's motion, because to do so would require that it "review the discretionary actions of the Court of Appeals" to determine whether the Second Circuit erred by ignoring the supposedly fraudulent behavior of the Government. *See United States v. Wolfson,* 340 F.Supp. 968, 971 (D.Del. 1972). The Court has not located any Second Circuit authority addressing the question of whether a district court has the authority to review a decision of the Court of Appeals. However, other courts have answered that question in the negative. *See Feldman v. Henman,* 815 F.2d 1318,

1321 (9th Cir.1987) ( "Absent Supreme Court authority contrary to our decision in a case, a district court *cannot* entertain, even in a manner properly before it, a petition by a party which in effect seeks to undo our court's resolution of a matter first addressed to and fully and fairly adjudicated by it."); *Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989) ("If the court of appeals has actually considered and rejected a claim ... on appeal, that decision binds the district court unless there has been an intervening change in the law."); *Rivera v. United States*, 477 F.2d 927, 928 (3rd Cir.1973) ("The incongruity of a district court ruling and then implementing its ruling that the Court of Appeals erred.... is self-evident."); *see also United States v. Sanders*, 142 F.Supp. 638, 641(D.Md.1956) ("[T]his court cannot properly vacate a sentence imposed here and affirmed by the Court of Appeals for any alleged or suggested error of the Court of Appeals."). This Court therefore cannot, and will not, review the discretionary decision of the Second Circuit.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate the prior judgment against him pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure shall be and is hereby denied.

**It is SO ORDERED.**